**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| DIANA BONACASA, *et al*., <br><br> Plaintiffs, <br><br> -v.- <br><br> STANDARD CHARTERED PLC and STANDARD CHARTERED BANK, <br><br> Defendants. | No. 1:22-CV-03320 (ER) (OTW) |
| MARIBEL MOORE, *et al*., <br><br> Plaintiffs, <br><br> -v.- <br><br> STANDARD CHARTERED PLC and STANDARD CHARTERED BANK, <br><br> Defendants. | No. 1:23-CV-02834 (ER) (OTW) |
| ESTATE OF ANNE T. SMEDINGHOFF, *et al*., <br><br> Plaintiffs, <br><br> -v.- <br><br> STANDARD CHARTERED BANK, <br><br> Defendant. | No. 1:23-CV-02865 (ER) (OTW) |

**[STIPULATION AND PROPOSED]**
**CIVIL CASE MANAGEMENT PLAN**
**AND PRETRIAL SCHEDULING ORDER**

**WHEREAS**, plaintiffs commenced case No. 22-CV-03320 through the filing of a complaint (the "*Bonacasa* Complaint") on April 22, 2022;

**WHEREAS**, plaintiffs alleged that defendants Standard Chartered PLC ("SC PLC") and Standard Chartered Bank ("SCB") were liable under an aiding and abetting theory of liability pursuant to the Anti-Terrorism Act ("ATA"), as amended by the Justice Against Sponsors of Terrorism Act ("JASTA");

**WHEREAS**, defendants SC PLC and SCB moved to dismiss the *Bonacasa* Complaint on August 3, 2022 ("*Bonacasa* MTD"), and the parties completed briefing on that motion on September 14, 2022;

**WHEREAS**, on March 7, 2023, the Court issued an Opinion & Order ("MTD Decision") granting in part and denying in part the motion to dismiss by (i) dismissing the *Bonacasa* Complaint as to SC PLC on personal jurisdiction grounds and (ii) declining to dismiss the *Bonacasa* Complaint as to SCB;

**WHEREAS**, SCB filed its Answer to the *Bonacasa* Complaint on April 4, 2023;

**WHEREAS**, on April 4, 2023, another action, captioned *Moore v. Standard Chartered plc, et al.*, No. 23-CV-2834, was commenced in this Court through the filing of a complaint against SC PLC and SCB by the same counsel who filed the *Bonacasa* Complaint ("*Moore*");

**WHEREAS**, on April 5, 2023, another action, captioned *Smedinghoff v. Standard Chartered Bank*, No. 23-CV-2865, was commenced in this Court through the filing of a complaint against SCB ("*Smedinghoff*");

**WHEREAS**, plaintiffs in *Moore* and *Smedinghoff* each assert a JASTA aiding and abetting claim arising from or relating to the same alleged conduct by SCB and/or its affiliates as is alleged in the *Bonacasa* Complaint;

**WHEREAS**, plaintiffs' counsel in *Moore* and *Smedinghoff* both designated those actions as related to *Bonacasa*, this Court has accepted them as related, and those actions have been assigned to this Court;

**WHEREAS**, on April 11, 2023, the parties in *Bonacasa* held an initial conference pursuant to Fed. R. Civ. P. 26(f);

**WHEREAS,** on April 13, 2023, the Court held a public status conference in the *Bonacasa* action in which counsel to the *Bonacasa* plaintiffs and counsel to SCB participated;

**WHEREAS**, counsel to the *Bonacasa* plaintiffs advised the Court that additional plaintiffs represented by them likely will seek to pursue claims arising from or relating to the same alleged conduct by SCB and/or its affiliates as is alleged in the *Bonacasa* Complaint;

**WHEREAS**, counsel to SCB apprised the Court that the Supreme Court heard oral argument on February 22, 2023, in a case captioned, *Twitter, Inc. v. Taamneh*, Docket No. 21-1496 ("*Twitter*"), which counsel for SCB believe will be decided by the Supreme Court before the end of its current Term and may be the first occasion in which the Supreme Court will rule on the pleading standard applicable to a JASTA aiding and abetting claim;

**WHEREAS**, the Court directed the parties to meet and confer on whether pretrial consolidation or coordination of *Bonacasa*, *Moore*, *Smedinghoff*, and any other related action assigned to this Court would be warranted to reduce duplicative motion practice and duplicative pretrial discovery and avoid other duplicative litigation;

**WHEREAS**, plaintiffs' counsel in the *Bonacasa*, *Moore*, and *Smedinghoff* actions have been retained by additional persons who may wish to file lawsuits against Defendants alleging facts similar to those alleged in the *Bonacasa*, *Moore*, and *Smedinghoff* actions;

**WHEREAS**, counsel to SCB and to plaintiffs in *Bonacasa*, *Moore* and *Smedinghoff* have conferred and proposed to the Court this Civil Case Management Plan and Pretrial Scheduling Order ("Scheduling Order"), pursuant to Fed. R. Civ. P. 16 and 26(f);

**NOW THEREFORE IT IS HEREBY ORDERED** that:

**A.    Coordination of Cases, Motion Practice and Pleadings**

1.    *Bonacasa*, *Moore*, *Smedinghoff* and all subsequently filed actions assigned to this Court arising from or relating to the same alleged conduct by SCB and/or its affiliates as is alleged in the *Bonacasa* Complaint, shall be coordinated for all discovery and pretrial purposes and shall be collectively referred to as the "*Bonacasa* Coordinated Cases."

2.    Filings in the *Bonacasa* Coordinated Cases shall be made (i) on the *Bonacasa* docket and (ii) on the docket for any other case to which the filing relates.

3.    Parties to the *Bonacasa* Coordinated Cases shall meet and confer, as necessary, to reach agreement on methods to avoid duplicative motion practice, while preserving their rights as litigants, and shall pursue any motion practice in accordance with Rule 2(A) of the Court's Individual Practices.

4.    Within 5 business days of any decision by the Supreme Court in *Twitter*, counsel to any party to the *Bonacasa* Coordinated Cases shall advise the Court, in accordance with Rule 2(A) of the Court's Individual Practices, of any motion practice they believe may be warranted in light of that decision. Any party opposing such motion practice shall advise the Court also in accordance with Rule 2(A) of the Court's Individual Practices.

5.    All parties **<u>have not</u>** consented to conducting all further proceedings before a Magistrate Judge, including motions and trial, pursuant to 28 U.S.C. § 636(c).

6.    Plaintiffs in the *Bonacasa*, *Moore*, and *Smedinghoff* actions have demanded a trial by jury.

7.    Joinder of additional parties and amendments to the pleadings:

    a.    Joinder of additional parties to and amendments to the pleadings in the *Bonacasa*, *Moore*, and *Smedinghoff* actions shall be accomplished by **August 31, 2023**.  The parties may make multiple amendments to the pleadings prior to this deadline.  If plaintiffs' counsel in the *Bonacasa*, *Moore*, and *Smedinghoff* actions identify a potential plaintiff whose ATA claims against SCB may be extinguished if an action is not commenced before August 31, 2023, then plaintiffs' counsel shall identify that potential plaintiff to SCB, and the parties shall consider ways to avoid the need for that potential plaintiff to file a complaint prior to August 31, 2023, including but not limited to a tolling agreement on mutually acceptable terms.  Any amendments after August 31, 2023 shall be governed by the Federal Rules of Civil Procedure.

    b.    SCB answered the complaint in the *Bonacasa* action on April 4, 2023. Defendant(s) need not respond to any other complaint or amended complaint in the *Bonacasa* Coordinated Cases until **September 28, 2023**.

    c.    After August 31, 2023, any new complaints filed and assigned to this Court as related to the *Bonacasa*, *Moore*, and *Smedinghoff* actions shall be added to the *Bonacasa* Coordinated Cases (the "Subsequent Actions").

    d.    Defendant(s) shall respond to any complaint in a Subsequent Action in accordance with the Federal Rules.

    e.    Absent Court order or the parties' agreement, this Scheduling Order shall apply to all Subsequent Actions.

    f.    Counsel for SCB agrees to accept service of the operative complaints, including amended complaints, on behalf of SCB in the *Bonacasa, Moore*, and *Smedinghoff* actions, without prejudice to and without waiver of any of SCB's defenses, objections, or arguments in this matter or any other matter, including but not limited to any objections to subject matter or personal jurisdiction or venue, except as to sufficiency of service of process.

    g.    The *Bonacasa* MTD shall be treated as having been made as to the currently operative complaints in the *Moore* action (Dkt. No. 1) and the *Smedinghoff* action (Dkt. No. 1), and the parties shall treat the MTD Decision as if it was rendered with respect to each such operative complaint for all purposes.

**B.**     **Coordination of Discovery**

8.     Discovery in the *Bonacasa* Coordinated Cases shall commence on the Court's entry of this Scheduling Order or on May 12, 2023, whichever is earlier, and shall proceed concurrently, unless counsel in any individual case establishes good cause for deviation from the procedures set out in this Scheduling Order.

9.     Plaintiffs' counsel in the *Bonacasa*, *Moore*, and *Smedinghoff* actions shall take reasonable steps to:

   (i)     coordinate discovery with each other and with SCB in all of the *Bonacasa* Coordinated Cases,

   (ii)     issue joint discovery requests, which shall be applicable to all of the *Bonacasa* Coordinated Cases,

   (iii)     issue individualized discovery requests, to the extent necessary to address issues that are unique to a particular action or actions,

   (iv)     coordinate with each other in issuing subpoenas to third parties pursuant to Federal Rule of Civil Procedure 45, and

   (v)     coordinate with each other and with SCB on the scheduling and logistics of depositions.

10.     Any party that serves or has served a written discovery request in any of the *Bonacasa* Coordinated Cases shall provide a copy of the request to the parties in each other action.  Plaintiffs' counsel in the *Bonacasa*, *Moore*, and *Smedinghoff* actions and counsel for SCB shall meet and confer to identify a secure means through which the parties in any of the *Bonacasa* Coordinated Cases will produce any responsive materials such that they are accessible by all parties in all of the *Bonacasa* Coordinated Cases.

11.     Discovery on any plaintiff-specific or other case-specific issues shall proceed in parallel with coordinated discovery on common issues.  Nothing in Paragraphs 10-11 shall preclude non-duplicative case-specific or plaintiff-specific discovery.

12.     Service of discovery requests and responses thereto by PDF/email attachment sent to all counsel of record who have entered an appearance in any of the *Bonacasa* Coordinated Cases shall constitute effective service under Fed. R. Civ. P. 5(b)(2)(E).

13.    **Non-U.S. Discovery:**  SCB anticipates the need for discovery located outside of the United States, including through internationally recognized means of obtaining cross-border discovery, including but not limited to, letters rogatory (collectively, "International Discovery").  To the extent that responses to International Discovery are not received by the deadlines set forth herein, SCB may request reasonable extensions of the deadlines set forth herein or seek intervention of the Court if the parties are unable to agree on such extensions.

C.    **Discovery Deadlines**

14.    Initial disclosures under Fed. R. Civ. P. 26(a)(1) by the parties in the *Bonacasa*, *Moore*, and *Smedinghoff* actions shall be served by **May 19, 2023**.   Initial disclosures by additional plaintiffs added to the *Bonacasa* Coordinated Cases by August 31, 2023 are due by **October 19, 2023**, and in Subsequent Actions are due within 21 days following the filing of an answer to the complaint in each case.

15.    The parties shall jointly submit a proposed protective order to the Court by **May 31, 2023**.

16.    Requests for production of documents may be served any time after the commencement of discovery and the first requests for production shall be served no later than 60 days from the entry of this Scheduling Order.

17.    Interrogatories may be served any time after the commencement of discovery.  The provisions of Local Civil Rule 33.3 shall apply to this case.

18.    **Substantial Completion of Document Productions:**  The parties shall make rolling document productions and shall substantially complete all document production by **January 5, 2024**.

19. Non-expert depositions shall be completed by **June 27, 2024**.

   a. Unless counsel agree otherwise or the Court so orders, depositions shall not be held until all parties have responded to any first requests for production of documents.

   b. Depositions in the *Bonacasa* Coordinated Cases shall proceed concurrently. Non-noticing counsel may attend depositions but, absent leave of Court or agreement of the parties, may not ask questions or raise objections. The parties may avail themselves of any objection made by any other party properly in attendance at a deposition without the need to express its joinder in the objection. Absent Court order, and excluding depositions under Fed. R. Civ. P. 30(b)(6), no witness shall be deposed more than once. If multiple parties have noticed a deposition, the parties are directed, in good faith, to discuss time limits, including the need to go over the seven (7) hour time limit under Fed. R. Civ. P. 30(d)(1).

20. Fact discovery shall be completed by **June 27, 2024**.

21. Requests to Admit, if any, shall be served no later than **July 31, 2024**.

22. Expert reports shall be served no later than **August 29, 2024**.

23. Rebuttal expert reports shall be served no later than **September 26, 2024**.

24. Expert depositions shall be completed by **October 30, 2024**.

25. **ALL DISCOVERY SHALL BE COMPLETED BY October 30, 2024**.

26. The parties are required to attend a mediation by **November 29, 2024**.

**Further Proceedings**

27. Within 30 days of the completion of discovery, the parties shall advise the court of any anticipated dispositive motions by following the Court's established pre-motion conference process.

28. This Scheduling Order may not be changed without leave of Court (or the assigned Magistrate Judge acting under a specific order of reference).

29. The Magistrate Judge assigned to the *Bonacasa* Coordinated Cases is the Hon. Ona T. Wang.

30.    If, after entry of this Scheduling Order, the parties consent to trial before a Magistrate Judge, the Magistrate Judge will schedule a date certain for trial and will, if necessary, amend this Scheduling Order consistent therewith.

31.    The next case management conference is scheduled for  December 4, 2024 , at  11:30 AM . (The Court will set this date at the initial conference.)

*/s/ Lee S. Wolosky*

Lee S. Wolosky (lwolosky@jenner.com)
Andrew J. Lichtman (alichtman@jenner.com)
Jenner & Block LLP
1155 Avenue of the Americas
New York, New York  10036
Telephone:  (212) 891-1628
Fax:  (212) 891-1699

Doug A. Mitchell (dmitchell@jenner.com)
Jenner & Block LLP
1099 New York Avenue, NW, # 900
Washington, D.C.  20001
Telephone:  (202) 639-6090

Gary M. Osen (gosen@osenlaw.com)
Ari Ungar (aungar@osenlaw.com)
Michael J. Radine (mradine@osenlaw.com)
Osen LLC
190 Moore Street, Suite 272
Hackensack, New Jersey  07601
Telephone:  (201) 265-6400
Fax:  (201) 265-0303

*Attorneys for Bonacasa and Moore Plaintiffs*

*/s/ Eli J. Kay-Oliphant*

Eli J. Kay-Oliphant
  (eli.kay-oliphant@sparacinopllc.com)
Adam J. Goldstein
  (adam.goldstein@sparacinopllc.com)
Tejinder Singh
  (tejinder.singh@sparacinopllc.com)
Ryan R. Sparacino
  (ryan.sparacino@sparacinopllc.com)
Sparacino PLLC
1920 L Street, NW, Suite 835
Washington, D.C.  20036
Tel:  (202) 629-3530

*Attorneys for Smedinghoff Plaintiffs*

*/s/ Andrew J. Finn*

Andrew J. Finn (finna@sullcrom.com)
Sullivan & Cromwell LLP
125 Broad Street
New York, New York  10004
Telephone:  (212) 558-4000
Facsimile:  (212) 558-3588

*Attorneys for Standard Chartered Bank*

**SO ORDERED.**

Dated: New York, New York

  May 8 , 2023

                Edgardo Ramos, U.S. District Judge