## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DIANA BONACASA, *et al*., <br><br> Plaintiffs, <br><br> -v.- <br><br> STANDARD CHARTERED PLC and STANDARD CHARTERED BANK, <br><br> Defendants. | No. 1:22-CV-03320 (ER) (OTW) |
| MARIBEL MOORE, *et al*., <br><br> Plaintiffs, <br><br> -v.- <br><br> STANDARD CHARTERED PLC and STANDARD CHARTERED BANK, <br><br> Defendants. | No. 1:23-CV-02834 (ER) (OTW) |
| ESTATE OF ANNE T. SMEDINGHOFF, *et al*., <br><br> Plaintiffs, <br><br> -v.- <br><br> STANDARD CHARTERED BANK, <br><br> Defendant. | No. 1:23-CV-02865 (ER) (OTW) |

## [PROPOSED] STIPULATED PROTECTIVE ORDER

## 1.   PURPOSES AND LIMITATIONS

1.1   Disclosure and discovery activity in this Action (as defined below) are likely to

involve production of confidential, proprietary, or private information for which special

protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order ("Protective Order" or "Order").

1.2    The purpose of this Order is to facilitate the production of discovery material, facilitate the prompt resolution of disputes over confidentiality and privilege, protect material to be kept confidential and/or privileged, and ensure that protection is afforded only to material entitled to such treatment, pursuant to the Court's inherent authority, its authority under Federal Rules of Civil Procedure 16 and 26, the Court's Local Civil Rules, the judicial opinions interpreting such Rules, and any other applicable law.

## 2.    <u>DEFINITIONS</u>

2.1    <u>Action</u>:  Docket No. 1:22-CV-03320-ER-OTW ("*Bonacasa*") and related cases, including No. 1:23-CV-02834-ER-OTW ("*Moore*"), 1:23-CV-02865-ER-OTW ("*Smedinghoff*"), and all subsequently filed actions assigned to the same Court arising from or relating to the same alleged conduct by Standard Chartered Bank and/or its affiliates as is alleged in the *Bonacasa* complaint and that are coordinated with the *Bonacasa* action for discovery and pretrial purposes (the "*Bonacasa* Coordinated Cases").

2.2    <u>Challenging Party</u>:  A party or non-party that challenges the designation of information or items under this Order.

2.3    <u>Confidential Material</u>:  Information (regardless of how it is generated, stored or maintained) or tangible things that a party believes qualify for protection under Federal Rule of Civil Procedure 26(c).

2.4    <u>Counsel (without qualifier)</u>:  Outside Counsel and In-House Counsel (as well as their affiliated attorneys and support staff).

2.5    <u>Designating Party</u>:  A party or non-party that designates information or items that it produces in disclosures or in responses to discovery as Confidential or Highly Confidential, or who designates material produced by another party or non-party as Confidential or Highly Confidential.

2.6    <u>Disclosure or Discovery Material</u>:  All items or information, regardless of the medium or manner in which it is generated, stored or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this Action, whether formally or informally.

2.7    <u>Documents</u>:  All materials within the scope of Federal Rule of Civil Procedure 34.

2.8    <u>Highly Confidential Material</u>:  Information (regardless of how it is generated, stored or maintained) or tangible things that the Designating Party reasonably and in good faith believes contains trade secrets or other highly sensitive information that the Designating Party reasonably believes the unauthorized disclosure of which would result in competitive, commercial, or financial harm to the disclosing party or its personnel, clients or customers.

2.9    <u>In-House Counsel</u>:  Attorneys who are employees of a party to this Action, as well as their support staff, including the in-house legal department's paralegals, investigative, technical, secretarial, and clerical personnel assisting them, as well as any in-house e-discovery and technical support personnel.

2.10   <u>Outside Counsel</u>:  Attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action, as well as their support staff, including the Outside Counsel's paralegals, investigative, technical, secretarial, and clerical personnel assisting them.

2.11   <u>Outside Vendor</u>:  Any vendor that is not an employee of a party or its Counsel and that provides messenger, copy, coding, and other clerical services, including document processing and conversion, archiving and database services, electronic document processing, translation or interpretation, preparing exhibits or demonstrations, and/or other services of a similar nature.

2.12   <u>Personal Data</u>:  Discovery Material protected from disclosure by federal, state, or foreign data-protection laws, or other privacy obligations, including, without limitation, European Union Directive 95/46/EC (the "Directive") and the national laws implementing the Directive.

2.13   <u>Privileged Material</u>:  Discovery Material protected from disclosure under the attorney-client privilege or work product doctrine, or that is prohibited from disclosure under United States laws or regulations including because it constitutes confidential bank supervisory information.

2.14   <u>Producing Party</u>:  A party or non-party that produces Disclosure or Discovery Material in this Action.

2.15   <u>Protected Material</u>:  Any Disclosure or Discovery Material that is properly and timely (as hereinafter set forth) designated as Confidential Material or Highly Confidential Material.

2.16   <u>Receiving Party</u>:  A person that receives Disclosure or Discovery Material from a Producing Party, including but not limited to parties or their counsel.

## 3.   <u>SCOPE</u>

3.1   The protections conferred by this Protective Order cover not only Protected Material (as defined above), but also (i) any information copied or extracted from Protected Material; (ii) all copies, excerpts, summaries, or compilations of Protected Material; and (iii) any pre-trial testimony (including depositions, but only if properly and timely designated as Protected

Material as hereinafter set forth), conversations, or presentations by parties or their Counsel that might reveal Protected Material.

      3.2    However, the protections conferred by this Protective Order do not cover the following information:  (i) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; (ii) any information known to the Receiving Party prior to the disclosure that was obtained lawfully and under no obligation of confidentiality to the Designating Party or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party; and (iii) any Protected Material that has had its designation as such removed by agreement of the parties or in accordance with Section 6 of this Order.

      3.3    This Order also does not govern the use of Protected Material at trial. Any use of Protected Material at trial shall be governed by the orders of the trial judge.

## 4.    __DURATION__

      4.1    The confidentiality obligations imposed by this Order shall remain in effect even after final disposition of this Action, until a Designating Party agrees otherwise or a court order otherwise directs.  Final disposition shall be deemed to be the later of (i) dismissal of all claims and defenses in this Action, with or without prejudice; or (ii) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

**5.    DESIGNATING PROTECTED MATERIAL**

    5.1    Criteria for Confidential Designation.  A Designating Party may designate material as Confidential if the party reasonably believes that the material constitutes or contains Confidential Material.

    5.2    Criteria for Highly Confidential Designation.  A Designating Party may designate material as Highly Confidential in accordance with Section 2.8 above only if the party reasonably believes that the material constitutes or contains Highly Confidential Material.

    5.3    Designating Bulk Material for Protection:  In order to expedite production of voluminous materials, a Designating Party may, at its sole option, but is not required to, produce materials without a detailed review, subject to the procedures in this Order for inadvertently produced information (Section 11) or as otherwise agreed to.  In doing so, the Designating Party may designate those collections of documents that by their nature contain Protected Material with the appropriate designation notwithstanding that some of the documents within the collection may not qualify for such designation.  Notwithstanding the foregoing, a Receiving Party may at any time, when it has a good faith basis for believing that one or more particular documents do not contain Protected Material, challenge the designation of one or more particular documents on the grounds that it or they does not or do not qualify for protection, or does not or do not qualify for the level of protection initially asserted.  If the Designating Party agrees, it must promptly notify all Receiving Parties that it is withdrawing or changing the designation, and the Producing Party must provide re-labeled copies of the material to each Receiving Party reflecting the change in designation.

    5.4    Manner and Timing of Designations.  Except as otherwise provided in this Order, or as otherwise ordered, Disclosure or Discovery Material that qualifies for protection under this

Order must be clearly so designated before the material is disclosed or produced.  The designation of Confidential or Highly Confidential shall be made in good faith.

Designation in conformity with this Order requires:

(a)    For information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "Confidential" or "Highly Confidential" to each page that contains Protected Material.  Before producing the specified documents, the Producing Party must affix the Confidential or Highly Confidential legend to each page that contains Protected Material.

A party or non-party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting party has indicated which material it would like copied and produced.  After the inspecting party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order.  Then, before producing the specified documents, the Producing Party must affix the appropriate legend ("Confidential" or "Highly Confidential") to each page that contains Protected Material.

(b)    That testimony given in deposition shall be treated as Confidential until 30 days following receipt of the final transcript when Counsel, during the deposition, issues a statement on the record designating the deposition as Confidential.  Any transcript that is prepared before the expiration of the 30-day period shall be treated during that period as if it had been designated Confidential in its entirety unless otherwise agreed.  During the 30 days after the deposition, a Designating Party may identify in writing the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted.  After the expiration of the 30-day period, only those portions of the testimony that are appropriately

designated for protection within the 30 days shall continue to be covered by the provisions of this Order.  The provisions in Section 5.3 regarding the designation of bulk material shall not apply to the designation of deposition testimony.

The use of a document as an exhibit at a deposition shall not in any way affect its designation as Protected Material.

(c)     For information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "Confidential" or "Highly Confidential."  If the Protected Material is produced in an electronic form with a load file, the Designating Party shall note that there is Protected Material in the load file, but the Producing Party shall still endeavor to mark specific electronic files as "Confidential" or "Highly Confidential" if such protected treatment is warranted by applicable law or this Order, to the extent such electronic file is capable of such markings (i.e. pdf files).

5.5     <u>Inadvertent Failures to Designate</u>.  An inadvertent failure to designate qualifying information or items does not waive the Producing Party's right to secure protection under this Order for such material as long as such information has not yet been made public.  Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

5.6     <u>Counter Designations</u>.  Any party may designate material produced by any party or non-party if the materials contain or are derived from that party's own Protected Material, and if they were designated confidential or considered as confidential by agreement at the time sent to the third-party.  The party shall notify the Producing Party in writing of the designation, and the

Producing Party will then re-produce the Protected Material with the requested confidentiality designation.

6.     **CHALLENGING CONFIDENTIALITY DESIGNATIONS**

6.1     <u>Timing of Challenges</u>.  Any party or non-party may challenge a designation of confidentiality at any time.  Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary' economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2     <u>Meet and Confer</u>.  The Challenging Party shall initiate the dispute resolution process by providing written notice to the Designating Party of each designation it is challenging and describing the basis for each challenge.  To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this Protective Order.  The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly within 14 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party five (5) business days to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.  A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

6.3     <u>Judicial Intervention</u>.   If the parties cannot resolve a challenge without Court intervention, the Challenging Party may file and serve a motion to lift confidentiality protection after the Designating Party's indication that it will not remove a confidentiality designation.  Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party.  All parties shall continue to afford the material in question the confidential protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

**7.      <u>ACCESS TO AND USE OF PROTECTED MATERIAL</u>**

7.1     <u>Basic Principles</u>.   A Receiving Party may use Protected Material that is disclosed or produced by another party or by a non-party in connection with this Action only for prosecuting, defending, or attempting to settle this Action, or to the extent any individual or claim in this Action is severed, in such related litigation in which this Protective Order is adopted. Protected Material shall not be used by a Receiving Party for any other purpose, including any other litigation or dispute.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.  Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2     <u>Disclosure of Confidential Material</u>.   Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated Confidential only to:

(a)      the parties to this Action, including their current or former officers, directors, employees, or contractors who are assisting with this Action and officers, directors, employees, or contractors of party-affiliated companies who are assisting with this Action;

(b)      the Court and its staff and any Special Master or mediator appointed by the Court or agreed to by the parties;

(c)      Outside Counsel (including their law firms, employees, and agents), their Outside Vendors, and In-House Counsel;

(d)      persons shown on the face of the document to have authored or received it and/or the Producing Party or its designated representatives (e.g., a 30(b)(6) witness) or any person who was a custodian of the Discovery Material;

(e)      court reporters or videographers retained to transcribe or record testimony and independent language interpreters used at depositions or hearings;

(f)      other outside persons (i.e., persons who are not currently employees of any party) who are retained by a party or its Counsel to furnish consulting or expert services pertaining to this Action, and/or to give testimony in this Action (including their employees, staff, or Outside Vendors) who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

(g)      a party's insurers or insurers' counsel who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

(h)      any trial or deposition witnesses in this case to whom disclosure is reasonably necessary or who is reasonably believed to have possessed prior knowledge of the Protected Material, including during preparation for such testimony, and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.  If such a

witness refuses to sign Exhibit A, the parties may agree to permit such witness to view—but not retain—such material, or may seek guidance from the Court as to disclosure to such witness; and

(i)     any other persons not otherwise specified herein by written consent of the Producing Party or upon order of the Court and on such conditions as may be agreed or ordered.

7.3     <u>Disclosure of Highly Confidential Material</u>.  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated Highly Confidential only to the persons identified in paragraphs 7.2(b) through (g) and (i).

7.4     <u>Disclosure of Personal Data</u>:  To the extent that Discovery Material comprises or contains Personal Data:

(a)     the Receiving Party shall make reasonable, good-faith efforts to protect these materials with the highest care consistent with the Receiving Party's responsibilities and the Producing Party's obligations under relevant federal, state, or foreign data protection laws or regulations. Such measures shall include, but are not limited to, processing the Personal Data in accordance with any rights of the data subjects, including, without limitation, under the Directive, and ensuring that appropriate measures are taken against unauthorized or unlawful processing of the Personal Data, and against accidental loss, unauthorized disclosure, alteration, or destruction of, or damage to, the Personal Data.

(b)     The Parties agree that any Personal Data contained in Discovery Material shall be treated as Highly Confidential, pursuant to the terms of this Order.

(c)     Nothing herein shall be construed as waiving any objections any Party may have to the production of Personal Data, including, without limitation, objections that discovery of such Personal Data may, in some instances, need to proceed in accordance with international

protocols rather than pursuant to the Federal Rules of Civil Procedure. Nor shall anything herein be construed as waiving any right to challenge such objections.  The parties shall meet and confer regarding any such objections that may arise, including, without limitation, to discuss appropriate redaction protocols that may be employed to protect Personal Data while preserving access to information to the fullest extent possible.

7.5    <u>Exclusions of Individuals from Depositions</u>.  Counsel for any Designating Party shall have the right to exclude from depositions any person who is not authorized by the Order to receive Protected Material, but only during periods of examination or testimony directed to or comprising Protected Material.

7.6    <u>Disposition</u>. When the Action has been terminated, a Receiving Party must comply with the provisions of Section 15 below (FINAL DISPOSITION).

## 8.    <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>

8.1    If a party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as Confidential or Highly Confidential, that party must:

(a)    Promptly notify in writing the Designating Party.  Such notification shall include a copy of the subpoena or court order as well as any protective order in any other litigation governing the production of material in that case;

(b)    Promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order.  Such notification shall include a copy of this Protective Order; and

(c)     reasonably cooperate with the Designating Party in any actions taken to ensure the confidentiality of Protected Material.

8.2     The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order is issued. If the Designating Party timely seeks a protective order, the party served with the subpoena or court order shall not produce any Protected Material before a determination by the court from which the subpoena or order issued (if allowable by the court's rules from which the subpoena or order issued), unless the party has obtained the Designating Party's permission.  The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material, and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.  Except as otherwise set forth herein, no party shall be in violation of this Protective Order by complying with a lawful subpoena.

**9.      A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS ACTION**

9.1     The terms of this Order are applicable to information produced by a non-party in this Action and designated as Confidential or Highly Confidential.  Such information produced by non-parties in connection with this Action is protected by the remedies and relief provided by this Order.  Thus, a non-party may designate material as Confidential or Highly Confidential to protect its confidential information.   Nothing in these provisions should be construed as prohibiting a non-party from seeking additional protections.

9.2     The terms of this Order are also applicable to information produced by a party that the party has a good faith basis to believe should be designated as Confidential or Highly

Confidential to protect information of a non-party. Thus, a party may designate material as Confidential or Highly Confidential to protect confidential information of a non-party.

9.3     To provide the parties an adequate opportunity to designate information as Confidential or Highly Confidential, all information produced in this Action by a non-party shall be deemed Confidential, whether or not stamped with that legend, for a period of 15 days following production. Furthermore, the inadvertent failure by any party or non-party to designate information produced by non-parties as Confidential or Highly Confidential within that 15-day period shall not waive a party's right to later so designate such information with prospective effect consistent with Section 5.5 of this Order.

## 10.     UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

10.1   If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

## 11.     PRIVILEGED MATERIAL

11.1   Any Producing Party may identify and withhold from production, or redact, any documents or information it contends is Privileged Material, but only to the same extent as would be allowable by applicable U.S. law in the absence of this Protective Order.

11.2   If a party inadvertently produces information that is subject to a claim that it is Privileged Material, the party making the claim shall promptly notify the Receiving Party of the

claim and the basis for it.  After being notified, the Receiving Party must immediately return or destroy the inadvertently-disclosed information and any copies or materials reflecting it that are in the Receiving Party's possession, custody, or control, and certify in waiting that all such information, copies, or materials have been returned or destroyed.  The inadvertent disclosures shall not constitute nor be deemed a waiver or forfeiture in whole or in part—in this or any other action—of any claim of attorney-client privilege, attorney work product, or any other applicable privilege or immunity, regardless of the circumstances of the disclosure.  The Receiving Party may not sequester, use, or disclose the inadvertently-disclosed information until the claim of privilege is resolved, except to the extent it is sequestered, used, or disclosed to assist in resolving the claim of privilege.  Nothing in this order overrides any attorney's ethical responsibilities to refrain from examining or disclosing materials that the attorney knows or reasonably should know to be privileged and to inform the Producing Party of the disclosure.

11.3   The right to challenge and process for challenging the designation of redactions shall be the same as the right to challenge and process for challenging the designation of Confidential and Highly Confidential Material as set forth in Section 6.

## 12.   <u>**FILING PROTECTED MATERIAL**</u>

12.1   In the event that Counsel for any Party determines to file or submit in writing to the Clerk of Court's office or file on ECF any Protected Material or Personal Data, or any Discovery Material that contains information satisfying the five categories of "sensitive information" or six categories of information requiring "caution" pursuant to the Southern District of New York's Notice Regarding Privacy and Public Access to Electronic Civil and Criminal Case Files, or any Discovery Material that may be deemed a "Highly Sensitive Document" pursuant to the Southern District of New York's Modified Procedures for Highly Sensitive Documents, or any papers

containing or making reference to the substance of such material or information, such documents or portions thereof containing or making reference to such material or information shall be filed in redacted form or under seal in accordance with Section 3 of the Court's Individual Practices. In making such a filing, a Receiving Party may rely on the Designating Party's designation of any Discovery Material and need not independently verify, or take a position on, such Designating Party's designation.

12.2    Filing under seal shall be without prejudice to any party's right to argue to the Court that such document need not be preserved under seal.

## 13.    **MISCELLANEOUS**

13.1    <u>Right to Further Relief</u>.  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.  Nothing in this order, nor in any party's designation, objection, or failure to object pursuant to this Order, shall be deemed an admission as to any claim or defense interposed in this Action.

13.2    <u>Right to Assert Other Objections</u>.  By stipulating to the entry of this Protective Order, no party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Protective Order.  Similarly, no party waives any right to object on any ground to use in evidence of any of the Disclosure or Discovery Material covered by this Protective Order.

13.3    <u>Party's Own Materials</u>.  Nothing in this Protective Order shall limit a person's right to use its own Protected Material as it deems appropriate.

13.4    <u>Reservations</u>.  Entering into, agreeing to or complying with the provisions of this Protective Order shall not:  (1) operate as admission that any particular material contains Protected Material; (2) prejudice any right to seek a determination by the Court (a) whether particular

material should be produced, or (b) if produced, whether such material should be subject to the provisions of the Order; or (3) be deemed to be a determination of which law(s) should apply to this Action.

13.5    Other Foreign Data.  Disclosure and discovery activity in this Action may involve production of information that a party may contend is subject to foreign data protection laws, other privacy obligations, or foreign bank secrecy laws or regulations.  This Order takes no position as to the treatment of such information.  The parties do not waive their right to seek protection of such information and data outside of this Order, nor do the parties waive any right to challenge such protection.

## 14.    **VIOLATION OF THIS ORDER**

14.1    The Court, among other things, may sanction a party's violation of this Order as provided in Federal Rule of Civil Procedure 37(b), but only to the same extent as applicable law, in the absence of this Protective Order, provides for such sanctions.

## 15.    **FINAL DISPOSITION**

15.1    Within 90 days after the final disposition of this Action, as defined in Section 4 (DURATION) (but subject to use, to the extent any individual or claim in this Action is severed, in such related litigation in which this Protective Order is adopted), each Receiving Party must take reasonable steps to return all Protected Material to the Producing Party or destroy such material.  There shall not, however, be any such obligation with respect to materials used at trial or in any dispositive pre-trial hearing that have become part of the public record by virtue of such permissible use.  The Court is similarly not required to return any materials filed in connection with this proceeding by any party or non-party with the Court, whether under seal or otherwise. As used in this section, "all Protected Material" includes all copies, abstracts, compilations,

summaries, and any other format reproducing or capturing any of the Protected Material.  Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 90-day deadline that affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries, or any other format reproducing or capturing any of the Protected Material.  Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material.  Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

15.2    The Court shall retain jurisdiction following termination of this Action for the purpose of enforcing any provisions of this Order.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

Dated:  May 31, 2023

 _Andrew J. Lichtman_____
Lee S. Wolosky (lwolosky@jenner.com)
Andrew J. Lichtman (alichtman@jenner.com)
Jenner & Block LLP
1155 Avenue of the Americas
New York, New York  10036
Telephone:  (212) 891-1628
Fax:  (212) 891-1699

Doug A. Mitchell (dmitchell@jenner.com)
Jenner & Block LLP
1099 New York Avenue, NW, # 900
Washington, D.C.  20001
Telephone:  (202) 639-6090

Gary M. Osen (gosen@osenlaw.com)
Ari Ungar (aungar@osenlaw.com)
Michael J. Radine (mradine@osenlaw.com)
Osen LLC
190 Moore Street, Suite 272
Hackensack, New Jersey  07601
Telephone:  (201) 265-6400
Fax:  (201) 265-0303

*Attorneys for Bonacasa and Moore Plaintiffs*

 _Adam J. Goldstein_____
Eli J. Kay-Oliphant
  (eli.kay-oliphant@sparacinopllc.com)
Adam J. Goldstein
  (adam.goldstein@sparacinopllc.com)
Tejinder Singh
  (tejinder.singh@sparacinopllc.com)
Ryan R. Sparacino
  (ryan.sparacino@sparacinopllc.com)
Sparacino PLLC
1920 L Street, NW, Suite 835
Washington, D.C.  20036
Tel:  (202) 629-3530

*Attorneys for Smedinghoff Plaintiffs*

 _Andrew J. Finn_____
Sharon L. Nelles (nelless@sullcrom.com)
Andrew J. Finn (finna@sullcrom.com)
Sullivan & Cromwell LLP
125 Broad Street
New York, New York  10004
Telephone:  (212) 558-4000
Facsimile:  (212) 558-3588

*Attorneys for Standard Chartered Bank*

PURSUANT TO STIPULATION, IT IS SO ORDERED.

Dated:   __June 1_____, 2023

_____
 HONORABLE EDGARDO RAMOS
 United States District Judge

## EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____[print or type full name], of

_____

[print or type full address], declare under penalty of perjury that I have read and understand the

Stipulated Protective Order that was issued by the United States District Court for the Southern

District of New York on _____, 2023 in the *Bonacasa* Coordinated Cases.[1]  I agree to

comply with and to be bound by all the terms of this Stipulated Protective Order and I understand

and acknowledge that failure to so comply could expose me to sanctions and punishment in the

nature of contempt.  I solemnly promise that I will not disclose in any manner any information or

item that is subject to this Stipulated Protective Order to any person or entity except in strict

compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the

Southern District of New York for the purpose of enforcing the terms of this Stipulated Protective

Order, even if such enforcement proceedings occur after termination of this action.


Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

---

[1] The *Bonacasa* Coordinated Cases include United States District Court for the Southern District of New York Docket Nos. 1:22-CV-03320-ER-OTW ("*Bonacasa*"), 1:23-CV-02834-ER-OTW ("*Moore*"), 1:23-CV-02865-ER-OTW ("*Smedinghoff*"), and all subsequently filed actions assigned to the same Court arising from or relating to the same alleged conduct as is alleged in the *Bonacasa* complaint and that are coordinated with the *Bonacasa* action for discovery and pretrial purposes.