**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| DIANA BONACASA, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> STANDARD CHARTERED BANK, <br><br> Defendant. | No. 1:22-cv-03320 (ER) (OTW) <br><br> JURY TRIAL DEMANDED |
| MARIBEL MOORE, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> STANDARD CHARTERED BANK, <br><br> Defendant. | No. 1:23-cv-02834 (ER) (OTW) <br><br> JURY TRIAL DEMANDED |
| ESTATE OF ANNE T. SMEDINGHOFF, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> STANDARD CHARTERED BANK, <br><br> Defendant. | No. 1:23-cv-02865 (ER) (OTW) <br><br> JURY TRIAL DEMANDED |

**[PROPOSED] STIPULATED PROTECTIVE ORDER GOVERNING DOCUMENTS PRODUCED BY NONPARTY U.S. DEPARTMENT OF DEFENSE**

Pursuant to Fed. R. Civ. P. 26(c) and 5 U.S.C. § 552a(b)(11), the Court enters this Protective Order upon the joint motion of Plaintiffs and Defendant (together, the "Parties") in the above-captioned actions (the "Actions"), and upon the request of nonparty the U.S. Department of

Defense ("DOD")[1], for the purpose of ensuring the confidentiality of certain records and information that DOD may disclose during discovery.

Good cause exists for entry of this Protective Order because DOD may disclose documents or information that contain sensitive personal information protected by the Privacy Act, 5 U.S.C. § 552a, including personally identifiable information maintained in a system of records as defined in 5 U.S.C. § 552a(a)(5), as well as other sensitive, personal information, such that an order authorizing disclosure pursuant to 5 U.S.C. § 552a(b)(11) and otherwise protecting the information is appropriate.  This Protective Order governs the disclosure of such information as specified herein and for no other purposes.

Accordingly, it is **HEREBY ORDERED**:

1. The DOD is authorized to disclose in the Actions discoverable information and documents that otherwise would be prohibited from disclosure under the Privacy Act ("Privacy Act-Protected Information").

2. The DOD is also authorized to disclose other sensitive personal information pertaining to victims, detainees, their family members, and/or terrorists who have privacy interests in their identifying information, and as to whom no public interest would be served by disclosure of their personal information ("Other Protected Information").

3. DOD may designate all documents or information that it discloses in the Actions which contain either Privacy Act-Protected Information or Other Protected Information as confidential and shall, if applicable, mark them as "SUBJECT TO PROTECTIVE ORDER."

4. Information designated under Paragraph 3 may be disclosed only to the following

---

[1] As used herein, DOD means all DOD components including but not limited to the United States Central Command ("CENTCOM"), National Ground Intelligence Center ("NGIC"), Defense Threat Reduction Agency ("DTRA"), and Defense Intelligence Agency ("DIA"), as well as the DOD Office of Inspector General ("DOD OIG").

persons:

    a. The Plaintiffs in the Actions, counsel for the Plaintiffs in the Actions, and members of their support staff with an appropriate need to know;

    b. The Defendant in the Actions, outside counsel for the Defendant, and members of their support staff with an appropriate need to know;

    c. Consultants or experts, including their employees or agents, retained by Plaintiffs or Defendant in connection with the Actions and with an appropriate need to know;

    d. Trial and deposition witnesses;

    e. The Court and its personnel in the Actions, including any Special Masters appointed by the Court and those Special Masters' personnel, and court reporters or stenographers engaged to record court proceedings and/or deposition testimony in the Actions with an appropriate need to know;

    f. Such other persons with an appropriate need to know as DOD may hereafter authorize in writing upon the request of Plaintiffs or Defendant.

5. All persons listed in Paragraph 4 to whom information designated under Paragraph 3 is disclosed are prohibited from disclosing any such information to any person other than those listed in Paragraph 4 except as provided in this Protective Order, or as otherwise permitted by the Court. All persons listed in Paragraph 4 to whom information designated under Paragraph 3 is disclosed are prohibited from using any information so designated in any other litigation other than the Actions or for any other purpose, unless and until a separate protective order is negotiated with the DOD and entered by the court in the other litigation.

6. If Plaintiffs or Defendant learn that they have disclosed information to any unauthorized person or in any unauthorized circumstance, inadvertently or otherwise, or if

Plaintiffs or Defendant learn that a person to whom they have disclosed information designated under Paragraph 3 of this Protective Order has disclosed that information to any unauthorized person or in any unauthorized circumstance, inadvertently or otherwise, Plaintiffs or Defendant shall, upon learning of the unauthorized disclosure, promptly: (a) notify the person(s) to whom the disclosure was made; (b) make all reasonable efforts to obtain the return of the information designated under Paragraph 3 and prevent further unauthorized disclosures of the information; and (c) notify the DOD in writing of the identity of the person(s) to whom the unauthorized disclosure was made, the circumstances surrounding the disclosure, and the steps taken to prevent any use or further disclosure of the information.

7. All information designated under Paragraph 3 produced or exchanged pursuant to this Protective Order shall be used solely for the purposes of litigating or resolving the Actions and for no other purpose whatsoever, and shall not be disclosed, disseminated, or transmitted to any person, entity, or organization except in accordance with the terms of this Protective Order, or as otherwise permitted by the Court.

8. Counsel for the Parties may submit some or all of the records to the Court as evidentiary exhibits in support of motions and during hearings or trial in this case. Counsel for the Parties shall file a motion with the Court to file the records under seal, in accordance with Fed. R. Civ. P. 5.2(d). This Protective Order does not require testimony offered during hearings or trial in this case to be closed or sealed.

9. In the event that any material subject to this Protective Order is used in any court proceeding, it shall not lose its protected status through such use, and the Parties shall take all steps reasonably required to protect its confidentiality during such use. Specifically, in the event that a party anticipates that material subject to this Protective Order may become the subject of testimony

or argument offered during a court hearing or trial, the party shall promptly—and as far in advance of any such hearing or trial as is practicable in the circumstances—notify and confer with the DOD so that the DOD may seek reasonable measures to ensure that neither Privacy Act-Protected Information nor Other Protected Information (as defined by the terms of this Protective Order) are disclosed on the public record in the course of such hearing or trial.

10. Nothing in this Protective Order shall be construed as a waiver of any defense, right, or claim by any party or nonparty, including any claim of privilege or other protection from disclosure, nor shall this Protective Order affect the right of any party or nonparty to seek additional protection against the disclosure of any documents or materials.

11. Nothing in this Protective Order requires production of information that is prohibited from disclosure by other applicable privileges, statutes, regulations, or authorities.

12. The United States and its officers or employees shall not bear any responsibility or liability for any unauthorized disclosure of any documents or information produced pursuant to this Protective Order.

13. The termination of proceedings in the Actions shall not relieve any person or entity from the obligations of this Protective Order. Subject to all laws, rules, and regulations regarding file and record retention, within 60 days of termination of proceedings related to the Actions, including any proceedings necessary to enforce any judgment or relief obtained and exhaustion of any applicable appeals, all documents produced pursuant to this Protective Order shall—except as provided below, or unless the document has been offered into evidence or filed without restriction as to disclosure—be returned to the DOD or destroyed. At the request of the DOD, the destroying party shall provide a sworn certification to the DOD describing which documents have been destroyed.

14.     Notwithstanding anything to the contrary herein, the Parties' counsel in the Actions shall be entitled to retain all court papers, including: deposition and trial transcripts; exhibits used in summary judgment briefing, depositions, and trial; expert reports; and attorney work product. Additionally, and also notwithstanding anything to the contrary herein, each of the Parties' counsel who has entered a notice of appearance in any of the Actions may retain one digital[2] and one paper copy of all documents produced pursuant to this Protective Order. Any retained information designated under Paragraph 3 shall continue to be protected under the terms of this Protective Order.

---

[2] Additionally, each law firm representing Plaintiffs or Defendant in the Actions may retain one digital copy in a common electronic drive of all documents produced pursuant to this Protective Order.

IT IS SO STIPULATED.

Dated: August 22, 2024

/s/ Andrew J. Lichtman
Lee Wolosky (lwolosky@jenner.com)
Andrew J. Lichtman (alichtman@jenner.com)
Jenner & Block LLP
1155 Avenue of the Americas
New York, New York 10036
Telephone: (212) 891-1628
Fax: (212) 891-1699

Doug A. Mitchell (dmitchell@jenner.com)
Jenner & Block LLP
1099 New York Avenue, NW, # 900
Washington, D.C. 20001
Telephone: (202) 639-6090

Gary M. Osen (gosen@osenlaw.com)
Ari Ungar (aungar@osenlaw.com)
Michael J. Radine (mradine@osenlaw.com)
Osen LLC
190 Moore Street, Suite 272
Hackensack, New Jersey 07601
Telephone: (201) 265-6400
Fax: (201) 265-0303

*Counsel for Bonacasa and Moore Plaintiffs*

/s/ Andrew J. Finn
Sharon L. Nelles (nelless@sullcrom.com)
Andrew J. Finn (finna@sullcrom.com)
Bradley P. Smith (smithbr@sullcrom.com)
Andrew J. DeFilippis (defilippisa@sullcrom.com)
Sullivan & Cromwell LLP
125 Broad Street
New York, New York 10004
Telephone: (212) 558-4000
Facsimile: (212) 558-3588

*Counsel for Standard Chartered Bank*

/s/ Daniel D. Duhaime
Ian M. Gore
SUSMAN GODFREY LLP
401 Union Street, Suite 3000
Seattle, WA 98101
Tel: (206) 516-3880
igore@susmangodfrey.com

Steven G. Sklaver
SUSMAN GODFREY LLP
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Tel: (310) 789-3100
ssklaver@susmangodfrey.com

Seth D. Ard
Daniel D. Duhaime
SUSMAN GODFREY LLP
One Manhattan West, 50th Floor
New York, NY 10001
Tel: (212) 336-8330
sard@susmangodfrey.com
dduhaime@susmangodfrey.com

Eli J. Kay-Oliphant
 (eli.kay-oliphant@sparacinopllc.com)
Adam J. Goldstein
 (adam.goldstein@sparacinopllc.com)
Tejinder Singh
 (tejinder.singh@sparacinopllc.com)
Ryan R. Sparacino
 (ryan.sparacino@sparacinopllc.com)
Sparacino PLLC
1920 L Street, NW, Suite 835
Washington, D.C. 20036
Telephone: (202) 629-3530

*Counsel for Smedinghoff Plaintiffs*

DAMIAN WILLIAMS
United States Attorney for the
Southern District of New York
*Counsel for the U.S. Department of Defense*

By: */s/ Carly Weinreb*
CARLY WEINREB
Assistant United States Attorney
86 Chambers Street, 3rd Floor
New York, New York 10007
Tel.: (212) 637-2769
Email: Carly.Weinreb@usdoj.gov


PURSUANT TO STIPULATION, IT IS SO ORDERED.

Dated:     August 26    , 2024

THE HONORABLE EDGARDO RAMOS
United States District Judge