UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DIANA BONACASA, VINCENT BONACASA, RAQUEL BONACASA, BARBARA ROSENDAHL, JEFFREY MUNCY, GILBERT RUSSELL, ABIGAIL RUSSELL, SARAH RUSSELL, NOEMI RUSSELL, BENJAMIN RUSSELL, NATHANAEL RUSSEL, DEBBIE WILLIAMS, *and* CHELSEA MANGANO,

    Plaintiffs,

– *against* –

STANDARD CHARTERED PLC *and* STANDARD CHARTERED BANK,

    Defendants.

**ORDER**

22-cv-3320 (ER)

RAMOS, D.J.:

    Before the Court is Standard Chartered Bank's letter seeking to compel Plaintiffs to produce an unredacted version of a document that they redacted on the basis of purported work-product doctrine. Doc. 128. Pursuant to the Court's order in a conference held on January 21, 2025, Plaintiffs submitted an unredacted copy of the notes to the Court for *in camera* review. For the reasons set forth below, the Court finds that the redacted information constitutes protected work product.

**I.    Factual and Procedural Background**

    Familiarity with the facts underlying this action is assumed, and these facts are discussed in more detail in this Court's decision granting in part and denying in part Standard Chartered PLC and Standard Chartered Bank's (collectively, "Standard Chartered") motion to dismiss. *See* Doc. 32.

    This dispute stems from a March 15, 2024 call that took place between counsel for Plaintiffs and Robert Greenway, a former Defense Intelligence Agency employee. Docs. 126, 128. In the call Plaintiffs' counsel discussed, *inter alia*, a previous conversation with

United States Army Lieutenant General Michael Barbero, who stated that "after his meetings with [Standard Chartered] in 2013," he later went back and left with the impression that they "had largely done what the United States government had asked them to do . . . [and that he] "thought they were acting in good faith and entirely cooperative." Doc. 126–3. Plaintiffs' counsel asked Greenway for his perspective on this, as well as other questions regarding sales by a Pakistani fertilizer company, Fatima, in certain provinces near Afghanistan. *Id*. Plaintiffs' counsel then drafted a four-page single-spaced document titled "Notes on Call with Rob Greenway," which is the subject of this motion.

Subsequently, Plaintiffs subpoenaed Greenway for a deposition to take place on September 13, 2024. Doc. 126 at 1. The subpoena was the subject of proceedings before the Court on October 17, 2024.[1] Docs. 89–91. Ultimately, Plaintiffs agreed to proceed with Greenway's deposition by written questions, in accordance with Federal Rule of Civil Procedure 31. Doc. 97. Plaintiffs' questions expressly referenced portions of the March 15, 2024 call with Greenway, for which, Standard Chartered requested, and Plaintiffs subsequently produced, a redacted version of counsel's written notes of the interview. *Id*. Three small portions of the four-page document were redacted. *Id*. The parties dispute whether the three redactions are privileged, and even if so, whether the unredacted portions should be produced. Docs. 126, 128.

On December 31, 2024, Standard Chartered filed a letter motion for a conference to compel Plaintiffs to produce the unredacted notes. Doc. 126. Following a conference on January 21, 2025, Plaintiffs submitted the notes to the Court for *in camera* review.

**II.     Legal standard**

---

[1] On October 8, 2024, the Department of Defense ("DoD") filed a letter request for a pre-motion conference for leave to file a motion to quash the subpoena for, *inter alia*, failure to follow the *Touhy* request procedures. Doc. 89. At a conference held on October 17, 2024, the Court granted the DoD leave to file the motion but encouraged the parties to meet and confer.

2

Under Fed. R. Civ. P. 26(b)(3), a document created "because of" the prospect of litigation "which tends to reveal mental impressions, conclusions, opinions or theories concerning the litigation" receives limited protection from disclosure under the attorney work product privilege. *See United States v. Adlman*, 134 F.3d 1194, 1195 (2d Cir. 1998). However, documents that "are prepared in the ordinary course of business or that would have been created in essentially similar form irrespective of the litigation" do not receive protection. *Id*. at 1202. Where the threat of litigation is also accompanied by a non-litigation purpose for the documents at issue, "[w]hether there is work product protection turns on whether the material would have been prepared irrespective of the expected litigation[.]" *William A. Gross Construction Association Inc. v. American Manufacturers Mutual Insurance Company*, 262 F.R.D. 354, 360 (S.D.N.Y. 2009) (quotation marks and citation omitted, brackets in original).

### III. Discussion

After reviewing the notes *in camera*, the Court determines that the three redacted portions of the notes are privileged and protected work product.

The decision whether notes and memoranda created in connection with witness interviews constitute protected work product "is highly individualized . . . and inevitably turns on the factual particulars of the case at bar." *Johnson v. Bryco Arms,* No. 02–CV–3029 (JBW), 2005 WL 469612, at *5 (E.D.N.Y. Mar. 1, 2005). "Moreover, a court must parse the contents of each document. If a particular document contains some factual work product and some core work product, and the requesting party demonstrates substantial need for the former, the proper course is to order disclosure of 'factual content—such as statements of . . . witnesses—. . . but permit[ ] redaction of [counsels'] notations . . . that constitute[ ] core work product.'" *Vasquez v. City of New York*, No. 10-cv-6277 JMF, 2014 WL 6356941, at *2 (S.D.N.Y. Nov. 14, 2014) (quoting *Crosby v. City of New York,* 269 F.R.D. 267, 278 (S.D.N.Y.2010)).

Contrary to Standard Chartered's assertions, the document is not merely "transcript-style notes reflecting nothing more than what was said during a non-privileged call with a third party[.]" Doc. 126 at 3 (citing *Redvanly v. NYNEX Corp.*, 152 F.R.D. 460, 466 (S.D.N.Y. 1993) (notes of meeting not opinion work product when they reflect "a running transcript of the meeting in abbreviated form" rather than attorney's "mental impressions and thoughts"). The first redaction, which is preceded by Plaintiffs' attorney Gary Osen's statement that he "[s]poke with Barbero[,]" reflects attorney opinions and mental impressions regarding the record. The second redaction, which is preceded by Plaintiffs' attorney Andrew Lichtman's statement that "Barbero sort of made clear that he had some enemies[,]" reflects attorney opinions about a witness. The third redaction, which is directly proceeded by Green's response, "[Laughing.] Well, he damn sure did. We gave that to him," reflects attorney legal strategy. *See Institute for Development of Earth Awareness v. People for Ethical Treatment of Animals*, 272 F.R.D. 124, 125 (S.D.N.Y. 2011) ("A lawyer's notes of an interview of a non-party witness is classic work product and may contain both facts and mental impressions of the lawyer."); *see also Vasquez v. City of New York*, No. 10-cv-6277 JMF, 2014 WL 6356941, at *2 (S.D.N.Y. Nov. 14, 2014) (permitting parties to produce witness interview notes and memoranda "with core work product redacted").

The Court does not share Standard Chartered's concern that maintaining the current redactions will result in a "misleading and incomplete record as to what Mr. Greenway was told, which naturally influenced his responses and the testimony which [Plaintiff sought] to elicit from him." Doc. 126 at 3 (citing *Securities and Exchange Commission v. Gupta*, 281 F.R.D. 169, 173 (S.D.N.Y. 2012). In *SEC v. Gupta*, the court held that the work product privilege could not preclude discovery of a pre-deposition interview with a non-party. *Id.* During the pre-deposition interview, the SEC showed the non-party documents and asked him questions, the substance of which Gupta's counsel later inquired into. *Id.* The SEC objected to the inquiry, arguing that the conversations

and documents were protected work product. *Id*. However, the Court concluded that not allowing discovery concerning the questions asked and documents shown in the interview, "in such circumstances" "would serve to facilitate even the most blatant coaching of a witness[.]" *Id*. (citing *SR International Business Insurance Company Limited v. World Trade Center Properties LLC,* No. 01-cv-9291(JSM), 2002 WL 1334821, at *6 (S.D.N.Y. June 19, 2002). Further, the court held that it would "leave the party taking a deposition with no remedy to determine how, if at all, a witness's testimony was influenced . . . by suggestions from the questioner's adversary, who . . . was in a position to unfairly pressure the witness." *Id*. Here, by contrast, Plaintiffs have provided the four pages of notes with the three short redactions. Moreover, based on the Court's review, the redactions do not omit key context necessary to explain the balance of the document, misleadingly present only a favorable view of the material, or otherwise impact Standard Chartered's ability cross-examine Greenway. *See Palazzetti Import/Export, Inc. v. Morson*, No. 98-cv-0722 LBS FM, 2000 WL 1015921, at *4 (S.D.N.Y. July 21, 2000) ("Generally, if the disclosure of privileged communications may be misleading because only favorable material has been disclosed, waiver is likely to be found for so much of the withheld information as will make the disclosure complete and not misleadingly one-sided.) (citations omitted).

        Additionally, Plaintiffs have not waived the work product protection by disclosing information to Greenway. "Work product protection is waived only if disclosure to a third party substantially increases the risk that it will be obtained by an adversary." *United States v. Ghavami*, 882 F. Supp. 2d 532, 541 (S.D.N.Y. 2012) (emphasis added); *see Urthtech LLC v. Gojo Industries, Inc.,* No. 1:22-cv-6727 (PKC)(KHP), 2024 WL 3898179, at *5 (S.D.N.Y. Aug. 26, 2024) ("In contra[st], work product protection is waived only when work product is disclosed to a third party in a manner that is inconsistent with the purpose of the protection."). Here, the unredacted notes make clear that Plaintiffs viewed Greenway as an ally and engaged with him as such. Similarly, as

Plaintiffs' assert, Greenway "fought tirelessly to protect U.S. servicemembers," like Plaintiffs, "from the threats posed by IEDs manufactured from Fatima's [fertilizer]," and thus share a common interest in working towards accountability and disruption of the networks supporting terrorist groups.  Doc. 128 at 2.

Next, Standard Chartered has not sufficiently shown a substantial and highly persuasive need to overcome work product protection.  *Institute for Development*, 272 F.R.D. at 125 (quoting Rule 26(b)(3)(B)) ("Documents that reflect the 'mental impressions, conclusions, opinions, or legal theories of a party's attorney . . . concerning the litigation' fall outside the substantial need exception.").  Pursuant to Federal Rule of Civil Procedure 31, Standard Chartered reviewed Plaintiffs' direct and re-direct questions for Greenway's deposition, and after doing so, served cross and re-cross questions.[2]  Doc. 128 at 4.  Therefore, Standard Chartered has been given the opportunity to examine Greenway on any factual matters memorialized in the notes.  *See S.E.C. v. Treadway*, 229 F.R.D. 454, 456 (S.D.N.Y. 2005) (work product protection was not overcome where defendants had the opportunity to examine witnesses at depositions and at trial).  With respect to statements attributed to Barbero, Standard Chartered will have the opportunity to depose him.[3]  Doc. 128 at 2.

---

[2] According to Rule 31(a)(1), a party may depose any person via written questions, unless one of the exceptions contained in subsection 31(a)(2) applies.  Rule 31(a)(2) provides:

"A party must obtain leave of court, and the court must grant leave to the extent consistent with Rule 26(b)(1) and (2):

(A) if the parties have not stipulated to the deposition and:

(i) the deposition would result in more than 10 depositions being taken under this rule or Rule 30 by the plaintiffs, or by the defendants, or by the third-party defendants;

(ii) the deponent has already been deposed in the case; or

(iii) the party seeks to take a deposition before the time specified in Rule 26(d); or

(B) if the deponent is confined in prison."  Fed. R. Civ. P. 31(a)(2).

[3] According to Plaintiffs, the United Sates government has approved Standard Chartered's *Touhy* request calling for Barbero's deposition.  Doc. 128 at 2 n. 1.

**IV.     Conclusion**

Accordingly, Standard Chartered's request for the Court to compel Plaintiffs to produce an unredacted version of the notes is DENIED.

It is SO ORDERED.

Dated:  February 6, 2025
         New York, New York

                                          Edgardo Ramos, U.S.D.J.