Susman Godfrey l.l.p.

The Honorable Edgardo Ramos                                          July 9, 2025
United States District Court for the Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

> Re: *Bonacasa v. Standard Chartered Bank* (No. 1:22-cv-03320); *Moore v. Standard Chartered Bank* (No. 1:23-cv-02865); *Smedinghoff v. Standard Chartered Bank* (No. 1:23-cv-02865)

Dear Judge Ramos:

Pursuant to Section 1.A of Your Honor's Individual Practices, Plaintiffs in the above-captioned cases respectfully request that the Court waive the pre-motion conference requirement and add Topics 1 and 2 of Plaintiffs' Rule 30(b)(6) Notice (ECF No. 95-1) to Plaintiffs' pending, fully briefed motion to compel 30(b)(6) testimony and interrogatory responses from Defendant Standard Chartered Bank ("SCB"). *See* ECF No. 108. In the alternative, Plaintiffs request a pre-motion conference regarding Topics 1 and 2 at the Court's convenience.[1]

## I. Background

Topics 1 and 2 seek corporate representative testimony from SCB about its client relationship with the Fatima Group ("Fatima") and the financial services that SCB provided to Fatima—critically relevant issues that lie at the core of Plaintiffs' aiding-and-abetting claims. On February 21, 2025, SCB informed Plaintiffs that it was "working to identify a representative to testify separately for Topic Nos. 1 and 2." ECF No. 100-11 at 1. In the two-plus months between that email and Plaintiffs' filing of their May 1, 2025 request for a pre-motion conference regarding 30(b)(6) topics and interrogatory responses, SCB never altered its position that it would designate and prepare a witness on Topics 1 and 2. Based on SCB's representations, Plaintiffs omitted Topics 1 and 2 from their letter requesting a discovery conference. *See* ECF No. 95. In its response letter, SCB continued to represent that it would designate and prepare a witness on Topics 1 and 2. ECF No. 101 at 1 (representing that "SCB has agreed to provide" an "additional current employee[] to act as [a] corporate witness[]" on "SCB's client relationship with Fatima"); *id.* at 2 ("SCB also has agreed to provide a corporate representative to testify about 'all Financial Services that SCB has provided to Fatima'").

SCB repeated those representations at the May 8, 2025 pre-motion conference. SCB told the Court: "We've also **agreed to make available an additional corporate representative** to talk about another topic that plaintiff[s'] counsel raised today, and that is the bank's relationship with Fatima and the financial services that . . . the bank provided to Fatima over the relevant time period." ECF No. 126-1 ("PMC Tr.") at 14:10–15. SCB continued: "**[W]e've already told the plaintiffs that we will make somebody available**. In this score, we're going to have to educate somebody to look at the transactional records related to the relationship based on the documents and . . . ***try as best as they can to provide testimony***." *Id.* at 14:21–25. SCB made these representations in an attempt to avoid answering Interrogatory 8—which *is* pending before the Court and, as narrowed, seeks a listing of the various financial services that SCB provided to Fatima. *See, e.g.*, ECF No. 100-16 at

---

[1] Unless otherwise indicated, all emphasis in this letter has been added; all internal quotations and citations have been omitted; all internal alterations have been adopted; and all ECF citations refer to the *Smedinghoff* docket.

3 (objecting to Plaintiffs' interrogatories, including Interrogatory 8, on the ground that they are not "more efficient" than "document discovery and depositions of current and former employees, *including designated corporate witnesses*").

Now as fact discovery is scheduled to close, SCB has retracted its repeated representations that it would designate a witness to testify on Topics 1 and 2. On June 18, 2025, SCB confirmed that David Howes—the last remaining fact witness noticed by Plaintiffs—would not be serving as SCB's corporate representative on Topics 1 and 2. Ex. A at 5. As a result, Plaintiffs asked SCB to identify the corporate representative for Topics 1 and 2 that SCB had been promising for more than four months. *Id.* at 4. In response, SCB claimed—for the first time—that it will now only provide testimony on Topics 1 and 2 if it does *not* have to answer Interrogatory 8. *Id.* at 1.

In short, Plaintiffs brought—and the parties briefed—Plaintiffs' pending motion to compel based on SCB's representations that it *would* provide testimony on Topics 1 and 2 but would *not* answer Interrogatory 8 absent a Court order. But now, SCB *only* agrees to provide testimony on Topics 1 and 2 if the Court declines to order a response to Interrogatory 8 when deciding Plaintiffs' pending motion.[2]

## II.   The Court should compel SCB to provide corporate representative testimony on Topics 1 and 2 in addition to compelling a response to Interrogatory 8.

Plaintiffs are entitled to examine SCB's corporate representative on Topics 1 and 2 after receiving the list of financial services sought by Interrogatory 8. Plaintiffs allege that SCB aided and abetted improvised explosive device attacks by providing "significant financial services" to Fatima. *Bonacasa v. Standard Chartered PLC*, 2023 WL 2390718, at *13 (S.D.N.Y. Mar. 7, 2023), *reconsideration denied*, 2023 WL 7110774 (S.D.N.Y. Oct. 27, 2023). Topics 1 and 2 seek relevant testimony from SCB about those financial services—including details about the various loans and transaction clearing services that SCB provided to Fatima and the size, duration, and growth of SCB's client relationship with Fatima. ECF No. 95-1 at 13–14. SCB has never disputed that these critically relevant topics go to the heart of Plaintiffs' aiding and abetting claims.

Instead, SCB has attempted to justify its last-minute change of position by claiming that "there would be no need" for a deposition on Topics 1 and 2 if the Court orders a response to Interrogatory 8. Ex. A at 1. Wrong. Plaintiffs' pending motion to compel a response to Interrogatory 8 seeks one thing: "***the list*** of financial services that [SCB] provided to Fatima." ECF No. 112 at 9; *see also, e.g.*, ECF No. 127 at 4 ("The Court should order SCB to respond to Interrogatory 8 by providing ***a list*** of the financial services that SCB provided to Fatima . . . ."); PMC Tr. at 21:17–19 ("What we've said would be more practical to address in an interrogatory is to give us ***the list***, what services did you provide on X date, we gave X loan, or X dollars."); *id.* at 23:14–15 ("[T]he information we're seeking in the interrogatory is ***the list***."). As explained in Plaintiffs' motion, it is appropriate to provide that list via interrogatory response—rather than in a 30(b)(6) deposition—because a corporate representative could never be expected to memorize the dates and amounts of the myriad financial services that SCB provided to Fatima. *See, e.g.*, *In re Weatherford Int'l Sec.*

---

[2] Before Plaintiffs filed their pre-motion conference request, SCB did make an inadequate offer to answer Interrogatory 8 *instead of* designating a witness on Topics 1 and 2. ECF No. 101 at 2. But until now, SCB had not refused to answer Interrogatory 8 (as it is continuing to refuse to do) *and* refused to designate a witness for Topics 1 and 2.

*Litig.*, 2013 WL 5788680, at *3 (S.D.N.Y. Oct. 28, 2013) ("It would be inefficient to rely on witnesses at deposition to accurately recall a series of specific financial transactions made over five years ago.").

Topics 1 and 2, by contrast, seek the "long[er] narrative explanations" that are more appropriate to provide in a deposition. *Id.*; *see also, e.g.*, PMC Tr. at 23:17–22 ("[W]hat we think is appropriate to follow up on in deposition, and indeed that's the whole point of a corporate representati[ve] deposition, is to probe gaps in [the response to Interrogatory 8], to ask follow-up questions, to ask all the sort of questions that are appropriate to ask during a deposition that aren't convenient to provide in [an] interrogatory response."). To take one example, if the Court grants Plaintiffs' pending motion to compel a response to Interrogatory 8, SCB will be forced to identify the relevant dates, amounts, and entities involved in its "debottlenecking loan" to Fatima, which was designed to—and did—increase Fatima's production of CAN fertilizer. Plaintiffs' examination of a corporate representative on Topics 1 and 2, by contrast, will include "follow-up questions" about that loan (ECF No. 112 at 9)—including questions about Fatima's repeated noncompliance with the terms of the loan and questions about the detailed information SCB received about how the loan would increase CAN production. *See Bonacasa*, 2023 WL 7110774, at *10 ("Standard Chartered's loan to remove CAN production bottlenecks was essential to Fatima's continued CAN production—and therefore Fatima's continued provision of CAN to al-Qaeda and the Syndicate.").

Aside from mischaracterizing the relief that Plaintiffs' pending motion actually seeks, SCB's argument that the requests are duplicative also ignores the substantial portions of Topics 1 and 2 that have no overlap with Interrogatory 8 whatsoever. For example, Topic 1 seeks relevant information about (a) "the circumstances under which Fatima became [SCB's] client," (b) "the relative size of [SCB's] client relationship with Fatima," (c) SCB's initiatives to "increase the size or profitability of [its] client relationship with Fatima," (d) SCB's "relationship managers for Fatima," (e) SCB's "KYC files relating to Fatima"; (f) SCB's "credit-related due diligence" of Fatima, (g) Fatima's noncompliance with SCB's policies, procedures, and contractual requirements, and (h) SCB's noncompliance with its policies, procedures, and contractual requirements when dealing with Fatima. ECF No. 95-1 at 13–14. Interrogatory 8 does not seek *any* of that relevant information. Similarly, unlike Interrogatory 8, Topics 1 and 2 seek information about the documents and communications produced by SCB that relate to SCB's financial services for Fatima or its client relationship with Fatima. *Id.* These differences alone are enough to reject SCB's claim that "there would be no need for the 30(b)(6) deposition" if the Court compels a response to Interrogatory 8. Ex. A at 1.

### III. Conclusion

SCB has redoubled its efforts to "indefinitely evade" disclosing relevant information about "the critical financial services that it provided to Fatima." ECF No. 127 at 5. The Court should order SCB to provide corporate representative testimony on Topics 1 and 2 when deciding Plaintiffs' pending motion to compel or, in the alternative, schedule a new pre-motion conference for Topics 1 and 2.

---

SCB is directed to respond by July 16, 2025.

SO ORDERED.

Edgardo Ramos, U.S.D.J.
Dated: July 11, 2025
New York, New York

Respectfully submitted,

/s/ Daniel D. Duhaime
Ian M. Gore
SUSMAN GODFREY LLP
401 Union Street, Suite 3000
Seattle, WA 98101
Tel: (206) 516-3880
igore@susmangodfrey.com

Steven G. Sklaver
SUSMAN GODFREY LLP
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Tel: (310) 789-3100
ssklaver@susmangodfrey.com

Seth D. Ard
Daniel D. Duhaime
SUSMAN GODFREY LLP
One Manhattan West, 50th Floor
New York, NY 10001
Tel: (212) 336-8330
sard@susmangodfrey.com
dduhaime@susmangodfrey.com

Eli J. Kay-Oliphant
Adam J. Goldstein
Tejinder Singh
Ryan R. Sparacino
SPARACINO PLLC
1920 L Street, Northwest, Suite 835
Washington, DC 20036
eli.kay-oliphant@sparacinopllc.com
adam.goldstein@sparacinopllc.com
tejinder.singh@sparacinopllc.com
ryan.sparacino@sparacinopllc.com

*Counsel for Smedinghoff Plaintiffs*

Lee Wolosky
Andrew J. Lichtman
Kathryn E. Bolas
WILLKIE FARR & GALLAGHER LLP
787 Seventh Avenue
New York, NY 10019
Tel: (212) 728-8000
lwolosky@willkie.com
alichtman@willkie.com
kbolas@willkie.com

Andrianna Kastanek
JENNER & BLOCK LLP
353 N. Clark Street
Chicago, IL 60654
Tel: (312) 222-9350
akastanek@jenner.com

Susanna D. Evarts
Rupali Srivasata
JENNER & BLOCK LLP
1155 Avenue of the Americas
New York, NY 10036
Tel: (212) 891-1628
sevarts@jenner.com
rsrivasata@jenner.com

Gary M. Osen
Ari Ungar
Michael J. Radine
OSEN LLC
190 Moore Street, Suite 272
Hackensack, NJ 07601
Tel: (201) 265-6400
gosen@osenlaw.com
aungar@osenlaw.com
mradine@osenlaw.com

*Counsel for Bonacasa and Moore Plaintiffs*

# EXHIBIT

# A

# Dan Duhaime

| | |
|---|---|
| **From:** | Vincenti, James K. <vincentij@sullcrom.com> |
| **Sent:** | Tuesday, July 1, 2025 7:03 PM |
| **To:** | Dan Duhaime; Mackey, Emma L.; Erreich, Martin; Bolas, Kathryn; Nelles, Sharon L.; Smith, Bradley P.; Finn, Andrew J.; DeFilippis, Andrew J.; Schultz, Arturo C.; Case-Pethica, Elinor A. |
| **Cc:** | Ian Gore; Lichtman, Andrew; Steven Sklaver; Seth Ard; Wolosky, Lee; Kastanek, Andrianna D.; Adam Goldstein; Evarts, Susanna D.; rsrivastava; DL_SCB; Jami Grounds; Rachel Hanna; ryan.sparacino; tejinder.singh; Eli Kay-Oliphant; Shuman Sohrn; ': Aaron Schlanger'; gosen; Matt Fisher; mradine; Dina Gielchinsky; Ari Ungar |
| **Subject:** | RE: Bonacasa/Moore/Smedinghoff - Howes Deposition |

==EXTERNAL Email==

Dan,

We have made clear for months that we would be willing to provide a 30(b)(6) witness for Topics 1 and 2 but would not be willing to also respond to duplicative interrogatories. Plaintiffs decided to go forward and seek to compel the duplicative discovery. If the Court orders a response to Interrogatory 8, there would be no need for the 30(b)(6) deposition. If the Court denies Plaintiffs' request to compel a response to Interrogatory 8, we will make a witness available even if that has to happen after July 11. But unless the Court orders both, we are not doing both, as we made clear to the Court during the pre-motion conference. (Tr. at 22–23.)

Best,
Jimmy

**James K. Vincenti**
+1 212 558 4068 (T) | +1 201 658 3049 (M)

---

**From:** Dan Duhaime <DDuhaime@susmangodfrey.com>
**Sent:** Monday, June 30, 2025 12:02 PM
**To:** Mackey, Emma L. <mackeye@sullcrom.com>; Erreich, Martin <erreichm@sullcrom.com>; Bolas, Kathryn <KBolas@willkie.com>; Nelles, Sharon L. <Nelless@sullcrom.com>; Smith, Bradley P. <smithbr@sullcrom.com>; Finn, Andrew J. <Finna@sullcrom.com>; Vincenti, James K. <vincentij@sullcrom.com>; DeFilippis, Andrew J. <defilippisa@sullcrom.com>; Schultz, Arturo C. <schultzart@sullcrom.com>; Case-Pethica, Elinor A. <casepethicae@sullcrom.com>
**Cc:** Ian Gore <IGore@susmangodfrey.com>; Lichtman, Andrew <ALichtman@willkie.com>; Steven Sklaver <ssklaver@SusmanGodfrey.com>; Seth Ard <sard@susmangodfrey.com>; Wolosky, Lee <LWolosky@willkie.com>; Kastanek, Andrianna D. <akastanek@jenner.com>; Adam Goldstein <adam.goldstein@sparacinopllc.com>; Evarts, Susanna D. <sevarts@jenner.com>; rsrivastava <rsrivastava@jenner.com>; DL_SCB <dl_scb@jenner.com>; Jami Grounds <jgrounds@SusmanGodfrey.com>; Rachel Hanna <RHanna@susmangodfrey.com>; ryan.sparacino <ryan.sparacino@sparacinopllc.com>; tejinder.singh <tejinder.singh@sparacinopllc.com>; Eli Kay-Oliphant <eli.kay-oliphant@sparacinopllc.com>; Shuman Sohrn <shuman.sohrn@sparacinopllc.com>; ': Aaron Schlanger' <aschlanger@osenlaw.com>; gosen <gosen@osenlaw.com>; Matt Fisher <matt.fisher@sparacinopllc.com>; mradine <mradine@osenlaw.com>; Dina Gielchinsky <dgielchinsky@osenlaw.com>; Ari Ungar <aungar@osenlaw.com>
**Subject:** [EXTERNAL] RE: Bonacasa/Moore/Smedinghoff - Howes Deposition

Emma,

Fact discovery is closing on July 11. While we do not want to burden the Court with additional disputes related to the 30(b)(6) notice, SCB must confirm in writing that (1) SCB will prepare and produce a witness on Topics

1

1-2 regardless of the outcome of Plaintiffs' motion to compel on ROG 8 (and regardless of the July 11 fact discovery deadline), and (2) SCB agrees that any motion to compel related to Topics 1-2 will be timely so long as a pre-motion conference request is filed within 15 days after the deposition on Topics 1-2 occurs. Please let us know by tomorrow.

Best,
Dan

---

**From:** Mackey, Emma L. <mackeye@sullcrom.com>
**Sent:** Friday, June 27, 2025 9:35 PM
**To:** Dan Duhaime <DDuhaime@susmangodfrey.com>; Erreich, Martin <erreichm@sullcrom.com>; Bolas, Kathryn <KBolas@willkie.com>; Nelles, Sharon L. <Nelless@sullcrom.com>; Smith, Bradley P. <smithbr@sullcrom.com>; Finn, Andrew J. <Finna@sullcrom.com>; Vincenti, James K. <vincentij@sullcrom.com>; DeFilippis, Andrew J. <defilippisa@sullcrom.com>; Schultz, Arturo C. <schultzart@sullcrom.com>; Case-Pethica, Elinor A. <casepethicae@sullcrom.com>
**Cc:** Ian Gore <IGore@susmangodfrey.com>; Lichtman, Andrew <ALichtman@willkie.com>; Steven Sklaver <ssklaver@SusmanGodfrey.com>; Seth Ard <sard@susmangodfrey.com>; Wolosky, Lee <LWolosky@willkie.com>; Kastanek, Andrianna D. <akastanek@jenner.com>; Adam Goldstein <adam.goldstein@sparacinopllc.com>; Evarts, Susanna D. <sevarts@jenner.com>; rsrivastava <rsrivastava@jenner.com>; DL_SCB <dl_scb@jenner.com>; Jami Grounds <jgrounds@SusmanGodfrey.com>; Rachel Hanna <RHanna@susmangodfrey.com>; ryan.sparacino <ryan.sparacino@sparacinopllc.com>; tejinder.singh <tejinder.singh@sparacinopllc.com>; Eli Kay-Oliphant <eli.kay-oliphant@sparacinopllc.com>; Shuman Sohrn <shuman.sohrn@sparacinopllc.com>; ': Aaron Schlanger' <aschlanger@osenlaw.com>; gosen <gosen@osenlaw.com>; Matt Fisher <matt.fisher@sparacinopllc.com>; mradine <mradine@osenlaw.com>; Dina Gielchinsky <dgielchinsky@osenlaw.com>; Ari Ungar <aungar@osenlaw.com>
**Subject:** RE: Bonacasa/Moore/Smedinghoff - Howes Deposition

EXTERNAL Email

Dan,

SCB is not refusing to answer Rog 8 *and* refusing to produce a witness on Topics 1 and 2. As noted in our email below, we have always been clear that SCB is willing to either respond to Rog 8 *or* produce a witness to testify to Topics 1 and 2. It was Plaintiffs that chose to pursue duplicative discovery by filing their motion to compel after the pre-motion conference on these issues. If Plaintiffs are not withdrawing their motion as to Rog 8, any deposition on Topics 1 and 2 should not proceed until the Court rules on Plaintiffs' motion to compel.

Best,
Emma

**Emma L. Mackey**
+1 212 558 1681 (T)

---

**From:** Dan Duhaime <DDuhaime@susmangodfrey.com>
**Sent:** Friday, June 27, 2025 2:16 PM
**To:** Mackey, Emma L. <mackeye@sullcrom.com>; Erreich, Martin <erreichm@sullcrom.com>; Bolas, Kathryn <KBolas@willkie.com>; Nelles, Sharon L. <Nelless@sullcrom.com>; Smith, Bradley P. <smithbr@sullcrom.com>; Finn, Andrew J. <Finna@sullcrom.com>; Vincenti, James K. <vincentij@sullcrom.com>; DeFilippis, Andrew J. <defilippisa@sullcrom.com>; Schultz, Arturo C. <schultzart@sullcrom.com>; Case-Pethica, Elinor A. <casepethicae@sullcrom.com>
**Cc:** Ian Gore <IGore@susmangodfrey.com>; Lichtman, Andrew <ALichtman@willkie.com>; Steven Sklaver <ssklaver@SusmanGodfrey.com>; Seth Ard <sard@susmangodfrey.com>; Wolosky, Lee <LWolosky@willkie.com>; Kastanek, Andrianna D. <akastanek@jenner.com>; Adam Goldstein <adam.goldstein@sparacinopllc.com>; Evarts, Susanna D. <sevarts@jenner.com>; rsrivastava <rsrivastava@jenner.com>; DL_SCB <dl_scb@jenner.com>; Jami Grounds

<jgrounds@SusmanGodfrey.com>; Rachel Hanna <RHanna@susmangodfrey.com>; ryan.sparacino <ryan.sparacino@sparacinopllc.com>; tejinder.singh <tejinder.singh@sparacinopllc.com>; Eli Kay-Oliphant <eli.kay-oliphant@sparacinopllc.com>; Shuman Sohrn <shuman.sohrn@sparacinopllc.com>; ': Aaron Schlanger' <aschlanger@osenlaw.com>; gosen <gosen@osenlaw.com>; Matt Fisher <matt.fisher@sparacinopllc.com>; mradine <mradine@osenlaw.com>; Dina Gielchinsky <dgielchinsky@osenlaw.com>; Ari Ungar <aungar@osenlaw.com>
**Subject:** [EXTERNAL] RE: Bonacasa/Moore/Smedinghoff - Howes Deposition

Emma,

No, Plaintiffs are not withdrawing their motion to compel a response to ROG 8. Is SCB withdrawing its commitment to designate a witness on Topics 1-2 after more than four months?

SCB did not just make this commitment to Plaintiffs. During the May 8 pre-motion conference, SCB represented to the Court: "We've also *agreed to make available an additional corporate representative* to talk about another topic that plaintiff[s'] counsel raised today, and that is the bank's relationship with Fatima and the financial services that . . . the bank provided to Fatima over the relevant time period." SCB continued: "*[W]e've already told the plaintiffs that we will make somebody available.* In this score, *we're going to have to educate somebody* to look at the transactional records related to the relationship based on the documents and, you know, *try as best as they can to provide testimony*."

Until your email, SCB had never backtracked on its commitment to produce a witness on Topics 1 and 2. That is why those topics were not included in Plaintiffs' motion. Indeed, the entire basis for SCB's continuing refusal to answer ROG 8 is that Topics 1 and 2 are a more convenient way of providing the same information. It is true that Plaintiffs rejected SCB's inadequate proposal of answering ROG 8 *instead of* producing a witness on Topics 1 and 2. But until your email, SCB had never suggested that it would refuse to answer ROG 8 (as it is continuing to do) *and* refuse to produce a witness on Topics 1 and 2.

If SCB does not reaffirm its commitment to produce a witness on Topics 1 and 2 by Monday, Plaintiffs will be forced to bring this to the Court.

Best,
Dan

**From:** Mackey, Emma L. <mackeye@sullcrom.com>
**Sent:** Thursday, June 26, 2025 8:36 PM
**To:** Dan Duhaime <DDuhaime@susmangodfrey.com>; Erreich, Martin <erreichm@sullcrom.com>; Bolas, Kathryn <KBolas@willkie.com>; Nelles, Sharon L. <Nelless@sullcrom.com>; Smith, Bradley P. <smithbr@sullcrom.com>; Finn, Andrew J. <Finna@sullcrom.com>; Vincenti, James K. <vincentij@sullcrom.com>; DeFilippis, Andrew J. <defilippisa@sullcrom.com>; Schultz, Arturo C. <schultzart@sullcrom.com>; Case-Pethica, Elinor A. <casepethicae@sullcrom.com>
**Cc:** Ian Gore <IGore@susmangodfrey.com>; Lichtman, Andrew <ALichtman@willkie.com>; Steven Sklaver <ssklaver@SusmanGodfrey.com>; Seth Ard <sard@susmangodfrey.com>; Wolosky, Lee <LWolosky@willkie.com>; Kastanek, Andrianna D. <akastanek@jenner.com>; Adam Goldstein <adam.goldstein@sparacinopllc.com>; Evarts, Susanna D. <sevarts@jenner.com>; rsrivastava <rsrivastava@jenner.com>; DL_SCB <dl_scb@jenner.com>; Jami Grounds <jgrounds@SusmanGodfrey.com>; Rachel Hanna <RHanna@susmangodfrey.com>; ryan.sparacino <ryan.sparacino@sparacinopllc.com>; tejinder.singh <tejinder.singh@sparacinopllc.com>; Eli Kay-Oliphant <eli.kay-oliphant@sparacinopllc.com>; Shuman Sohrn <shuman.sohrn@sparacinopllc.com>; ': Aaron Schlanger' <aschlanger@osenlaw.com>; gosen <gosen@osenlaw.com>; Matt Fisher <matt.fisher@sparacinopllc.com>; mradine <mradine@osenlaw.com>; Dina Gielchinsky <dgielchinsky@osenlaw.com>; Ari Ungar <aungar@osenlaw.com>
**Subject:** RE: Bonacasa/Moore/Smedinghoff - Howes Deposition

EXTERNAL Email

Dan,

In Plaintiffs' motion to compel certain interrogatory responses and 30(b)(6) testimony from SCB, Plaintiffs asserted that they require a response to Rog 8 before any deposition on 30(b)(6) Topics 1 and 2 can proceed. (*See Smedinghoff*, ECF No. 113 at 9). At the pre-motion conference on May 8, and then in SCB's opposition brief of May 30, we reaffirmed that SCB are willing to provide a response to Rog 8, but that Plaintiffs are not entitled to *both* a deposition and an interrogatory response on the same topic under Local Rule 33.3. (*See Smedinghoff*, ECF No. 120 at 18-19). Accordingly, please confirm whether Plaintiffs are withdrawing their motion to compel as to Rog 8.

Best,
Emma

**Emma L. Mackey**
+1 212 558 1681 (T)

---

**From:** Dan Duhaime <DDuhaime@susmangodfrey.com>
**Sent:** Monday, June 23, 2025 8:54 AM
**To:** Erreich, Martin <erreichm@sullcrom.com>; Bolas, Kathryn <KBolas@willkie.com>; Mackey, Emma L. <mackeye@sullcrom.com>; Nelles, Sharon L. <Nelless@sullcrom.com>; Smith, Bradley P. <smithbr@sullcrom.com>; Finn, Andrew J. <Finna@sullcrom.com>; Vincenti, James K. <vincentij@sullcrom.com>; DeFilippis, Andrew J. <defilippisa@sullcrom.com>; Schultz, Arturo C. <schultzart@sullcrom.com>; Case-Pethica, Elinor A. <casepethicae@sullcrom.com>
**Cc:** Ian Gore <IGore@susmangodfrey.com>; Lichtman, Andrew <ALichtman@willkie.com>; Steven Sklaver <ssklaver@SusmanGodfrey.com>; Seth Ard <sard@susmangodfrey.com>; Wolosky, Lee <LWolosky@willkie.com>; Kastanek, Andrianna D. <akastanek@jenner.com>; Adam Goldstein <adam.goldstein@sparacinopllc.com>; Evarts, Susanna D. <sevarts@jenner.com>; rsrivastava <rsrivastava@jenner.com>; DL_SCB <dl_scb@jenner.com>; Jami Grounds <jgrounds@SusmanGodfrey.com>; Rachel Hanna <RHanna@susmangodfrey.com>; ryan.sparacino <ryan.sparacino@sparacinopllc.com>; tejinder.singh <tejinder.singh@sparacinopllc.com>; Eli Kay-Oliphant <eli.kay-oliphant@sparacinopllc.com>; Shuman Sohrn <shuman.sohrn@sparacinopllc.com>; ': Aaron Schlanger' <aschlanger@osenlaw.com>; gosen <gosen@osenlaw.com>; Matt Fisher <matt.fisher@sparacinopllc.com>; mradine <mradine@osenlaw.com>; Dina Gielchinsky <dgielchinsky@osenlaw.com>; Ari Ungar <aungar@osenlaw.com>
**Subject:** [EXTERNAL] RE: Bonacasa/Moore/Smedinghoff - Howes Deposition

Martin,

With your confirmation that Mr. Howes will not be testifying on Topics 1 and 2, please identify the witness that SCB is designating for those topics by Wednesday and provide their availability for a deposition to occur on or before July 11.

Best,
Dan

---

**From:** Erreich, Martin <erreichm@sullcrom.com>
**Sent:** Wednesday, June 18, 2025 5:09 PM
**To:** Bolas, Kathryn <KBolas@willkie.com>; Mackey, Emma L. <mackeye@sullcrom.com>; Nelles, Sharon L. <Nelless@sullcrom.com>; Smith, Bradley P. <smithbr@sullcrom.com>; Finn, Andrew J. <Finna@sullcrom.com>; Vincenti, James K. <vincentij@sullcrom.com>; DeFilippis, Andrew J. <defilippisa@sullcrom.com>; Schultz, Arturo C. <schultzart@sullcrom.com>; Case-Pethica, Elinor A. <casepethicae@sullcrom.com>
**Cc:** Ian Gore <IGore@susmangodfrey.com>; Lichtman, Andrew <ALichtman@willkie.com>; Steven Sklaver <ssklaver@SusmanGodfrey.com>; Seth Ard <sard@susmangodfrey.com>; Wolosky, Lee <LWolosky@willkie.com>; Kastanek, Andrianna D. <akastanek@jenner.com>; Adam Goldstein <adam.goldstein@sparacinopllc.com>; Evarts,

4

Susanna D. <sevarts@jenner.com>; rsrivastava <rsrivastava@jenner.com>; DL_SCB <dl_scb@jenner.com>; Jami Grounds <jgrounds@SusmanGodfrey.com>; Rachel Hanna <RHanna@susmangodfrey.com>; ryan.sparacino <ryan.sparacino@sparacinopllc.com>; tejinder.singh <tejinder.singh@sparacinopllc.com>; Eli Kay-Oliphant <eli.kay-oliphant@sparacinopllc.com>; Shuman Sohrn <shuman.sohrn@sparacinopllc.com>; Dan Duhaime <DDuhaime@susmangodfrey.com>; ': Aaron Schlanger' <aschlanger@osenlaw.com>; gosen <gosen@osenlaw.com>; Matt Fisher <matt.fisher@sparacinopllc.com>; mradine <mradine@osenlaw.com>; Dina Gielchinsky <dgielchinsky@osenlaw.com>; Ari Ungar <aungar@osenlaw.com>
**Subject:** RE: Bonacasa/Moore/Smedinghoff - Howes Deposition

EXTERNAL Email

Kathryn,

Mr. Howes will be available for his deposition at S&C's offices in London at 1 New Fetter Lane, as Mr. Barnes and Mr. Gibson in the past. Will that work for Plaintiffs? The 9 a.m. start time is fine.

Mr. Howes will be SCB's designee for 30(b)(6) Topic Nos. 20, 21, 22, 23, 24, and 26, subject to SCB's objections set forth in our September 18, 2024 letter.

We consent to the court reporter swearing in the witness.

Best,
Martin

**Martin Erreich**
+1 212 558 3967 (T) | +1 973 941 7939 (M)

---

**From:** Bolas, Kathryn <KBolas@willkie.com>
**Sent:** Wednesday, June 18, 2025 12:45 PM
**To:** Mackey, Emma L. <mackeye@sullcrom.com>; Erreich, Martin <erreichm@sullcrom.com>; Nelles, Sharon L. <Nelless@sullcrom.com>; Smith, Bradley P. <smithbr@sullcrom.com>; Finn, Andrew J. <Finna@sullcrom.com>; Vincenti, James K. <vincentij@sullcrom.com>; DeFilippis, Andrew J. <defilippisa@sullcrom.com>; Schultz, Arturo C. <schultzart@sullcrom.com>; Case-Pethica, Elinor A. <casepethicae@sullcrom.com>
**Cc:** Ian Gore <IGore@susmangodfrey.com>; Lichtman, Andrew <ALichtman@willkie.com>; Steven Sklaver <ssklaver@SusmanGodfrey.com>; Seth Ard <sard@susmangodfrey.com>; Wolosky, Lee <LWolosky@willkie.com>; Kastanek, Andrianna D. <akastanek@jenner.com>; Adam Goldstein <adam.goldstein@sparacinopllc.com>; Evarts, Susanna D. <sevarts@jenner.com>; rsrivastava <rsrivastava@jenner.com>; DL_SCB <dl_scb@jenner.com>; Jami Grounds <jgrounds@SusmanGodfrey.com>; Rachel Hanna <RHanna@susmangodfrey.com>; ryan.sparacino <ryan.sparacino@sparacinopllc.com>; tejinder.singh <tejinder.singh@sparacinopllc.com>; Eli Kay-Oliphant <eli.kay-oliphant@sparacinopllc.com>; Shuman Sohrn <shuman.sohrn@sparacinopllc.com>; Dan Duhaime <DDuhaime@susmangodfrey.com>; ': Aaron Schlanger' <aschlanger@osenlaw.com>; gosen <gosen@osenlaw.com>; Matt Fisher <matt.fisher@sparacinopllc.com>; mradine <mradine@osenlaw.com>; Dina Gielchinsky <dgielchinsky@osenlaw.com>; Ari Ungar <aungar@osenlaw.com>
**Subject:** [EXTERNAL] Bonacasa/Moore/Smedinghoff - Howes Deposition

Emma,

Please let us know if Mr. Howes is available to come to the Willkie offices in London on June 27th for his deposition. We would like to begin at 9 a.m. local time. Additionally, please confirm the 30(b)(6) topics for which Mr. Howes will be testifying. Finally, please confirm that we have your consent for the court reporter in London to swear in the witness as was done for John Gibson.

Thank you,

Kathryn

**Kathryn Bolas**
**Willkie Farr & Gallagher LLP**
787 Seventh Avenue | New York, NY 10019-6099
Direct: +1 212 728 8907 | Fax: +1 212 728 8111
kbolas@willkie.com | vCard [willkie.com] | www.willkie.com bio [willkie.com]

**Important Notice:** This email message is intended to be received only by persons entitled to receive the confidential information it may contain. Email messages to clients of Willkie Farr & Gallagher LLP presumptively contain information that is confidential and legally privileged; email messages to non-clients are normally confidential and may also be legally privileged. Please do not read, copy, forward or store this message unless you are an intended recipient of it. If you have received this message in error, please forward it back. Willkie Farr & Gallagher LLP is a limited liability partnership organized in the United States under the laws of the State of Delaware, which laws limit the personal liability of partners.

**This is an external message from:** prvs=026420e80a=kbolas@willkie.com **

This e-mail is sent by a law firm and contains information that may be privileged and confidential. If you are not the intended recipient, please delete the e-mail and notify us immediately.

6