# WILLKIE FARR & GALLAGHER LLP

787 Seventh Avenue
New York, NY 10019-6099
Tel: 212 728 8000
Fax: 212 728 8111

August 4, 2025

> **MEMO ENDORSED**
> The motion to redact the referenced information from Plaintiffs' letter motion is granted.
>
> SO ORDERED.
>
> Edgardo Ramos, U.S.D.J.
> Dated: August 5, 2025
> New York, New York

**VIA ECF**

The Honorable Edgardo Ramos
United States District Court for the Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

Re:   *Bonacasa v. Standard Chartered Bank* (No. 1:22-cv-03320); *Moore v. Standard Chartered Bank* (No. 1:23-cv-02865); *Smedinghoff v. Standard Chartered Bank* (No. 1:23-cv-02865)

Dear Judge Ramos:

Pursuant to Section 3.ii of Your Honor's Individual Practices, Section 6 of the Electronic Case Filing Rules & Instructions, and Section 12 of the Protective Order (*see, e.g., Smedinghoff*, ECF No. 18), the parties and nonparty PwC seek approval to redact certain information from Plaintiffs' letter motion in response to Defendant's pre-conference letter motion dated July 29, 2025.

Plaintiffs' letter motion references documents that SCB and PwC and have designated as "Confidential" or "Highly Confidential" pursuant to the Protective Order. Plaintiffs are contemporaneously filing with this letter: (1) a public version of the letter motion with the proposed redactions applied and (2) an under-seal version of the letter motion with the proposed redactions highlighted.

**Plaintiffs' Position:** Plaintiffs take no position on the redactions or sealing of exhibits. *See* Protective Order, ¶ 12.1 ("[A] Receiving Party may rely on the Designating Party's designation of any Discovery Material and need not independently verify, or take a position on, such Designating Party's designation.").

**Defendant' Position:** SCB respectfully requests that certain information in Plaintiffs' letter excerpted from materials designated as "Confidential" pursuant to the parties' Protective Order—including non-public information and analyses related to SCB's customer relationships—be redacted from Plaintiffs' letter. Prevailing Second Circuit law—including *Bernstein* v. *Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132 (2d Cir. 2016) and *Lugosch* v. *Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006)—supports the redaction of these excerpts, because the information was excerpted from

August 4, 2025
Page 2

documents that were properly designated confidential under the Protective Order, and because "documents 'such as those passed between the parties in discovery' often play 'no role in the performance of Article III functions' and so the presumption of access to these records is low." *Bernstein*, 814 F.3d at 142 (quoting *United States* v. *Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995)). *See also Strauss* v. *Credit Lyonnais, S.A.*, 2011 WL 4736359, at *3 (E.D.N.Y. Oct. 6, 2011) ("materials obtained in discovery 'are not public components of a civil trial [and] were not open to the public at common law'" and "'restraints placed on discovered, but not yet admitted, information are not a restriction on a traditionally public source of information'") (quoting *Seattle Times Co.* v. *Rhinehart*, 467 U.S. 20, 33 (1984)); *Lugosch*, 435 F.3d at 119 ("[T]he mere filing of a paper or document with the court is insufficient to render that paper a judicial document subject to the right of public access") (citation omitted). This is particularly true where, as here, a document contains confidential business information. *See IBM Corp.* v. *Micro Focus United States, Inc.*, 2023 WL 8650839, at *1 (S.D.N.Y. Dec. 14, 2023) ("Courts in this District routinely permit parties to seal or redact commercially sensitive information to protect confidential business interests and financial information."); *Graczyk* v. *Verizon Commc'ns, Inc.*, 2020 WL 1435031, at *9 (S.D.N.Y. Mar. 24, 2020) (noting that "courts in this Circuit routinely permit parties to redact sensitive financial information").

**PwC's Position:** Non-party PricewaterhouseCoopers International Limited ("PwC") was not provided any notice of this filing until 12:31 p.m. Eastern *today*, has not been provided with a copy of the underlying letter to be filed, and, as a non-party, has virtually no context for whatever current dispute is before the Court. It therefore reserves the right to brief this issue further should the Court consider unsealing its confidential information. In the meantime, PwC has designated the referenced information as Highly Confidential pursuant to the Protective Order in this Action and requests that such information in Plaintiffs' letter motion be redacted. *See* Protective Order. The information at issue reflects non-public internal processes and highly confidential business information related to PwC and member firms in the PwC network. Such a request is "routinely granted in this jurisdiction," particularly for a third party. *In re B & C KB Holding GmbH*, No. 22-MC-180 (LAK) (VF), 2023 WL 2021299, at *1 (S.D.N.Y. Feb. 14, 2023) ("[C]ourts in this District routinely permit parties to seal or redact commercially sensitive information in order to protect confidential business and financial information."); *see also Graczyk* v. *Verizon Commc'ns, Inc.*, No. 18 CIV. 6465 (PGG), 2020 WL 1435031, at *9 (S.D.N.Y. Mar. 24, 2020) (same and citing cases); *Statoil (Nigeria) Ltd. v. Nigerian Nat'l Petroleum Corp.*, No. 18 CIV. 2392 (RMB), 2020 WL 3170566, at *1 (S.D.N.Y. June 15, 2020) ("The privacy interests of innocent third-parties ... should weigh heavily in a court's balancing equation when determining whether to grant an application to seal.") (internal quotations omitted). Moreover, the information in question is "directly from an internal document" produced in discovery and "designated as highly confidential" under a protective order. *In re Keurig Green Mountain Single-Serve Coffee Antitrust Litig.*, No. 14-MC-2542 (VSB), 2014 WL 12772236, at *2 (S.D.N.Y. Nov. 5, 2014) (granting motion to seal for information "directly from an internal document produced by [defendant] in limited expedited discovery and designated as highly confidential under the Protective Order"). This Court also has previously granted similar requests for confidential business information to be sealed in this case. *See, e.g.*, Dkt. 138, 144. Accordingly, PwC respectfully requests that the referenced information be redacted and remain under seal.

***

For these reason, the parties and PwC respectfully request that the Court grant the parties' request to redact the referenced information contained in Plaintiffs' letter motion.

Respectfully submitted,

| | |
|---|---|
| /s/ Lee Wolosky | Ian M. Gore |
| Lee Wolosky | SUSMAN GODFREY LLP |
| Andrew J. Lichtman | 401 Union Street, Suite 3000 |
| Kathryn Bolas | Seattle, WA 98101 |
| WILLKIE FARR & GALLAGHER LLP | Tel: (206) 516-3880 |
| 787 Seventh Avenue | igore@susmangodfrey.com |
| New York, NY 10019 | |
| Tel: (212) 728-8000 | Steven G. Sklaver |
| lwolosky@willkie.com | SUSMAN GODFREY LLP |
| alichtman@willkie.com | 1900 Avenue of the Stars, Suite 1400 |
| kbolas@willkie.com | Los Angeles, CA 90067 |
| | Tel: (310) 789-3100 |
| Andrianna Kastanek | ssklaver@susmangodfrey.com |
| JENNER & BLOCK LLP | |
| 353 N. Clark Street | Seth D. Ard |
| Chicago, IL 60654 | Daniel D. Duhaime |
| Tel: (312) 222-9350 | SUSMAN GODFREY LLP |
| akastanek@jenner.com | One Manhattan West, 50th Floor |
| | New York, NY 10001 |
| Susanna D. Evarts | Tel: (212) 336-8330 |
| Rupali Srivasata | sard@susmangodfrey.com |
| JENNER & BLOCK LLP | dduhaime@susmangodfrey.com |
| 1155 Avenue of the Americas | |
| New York, NY 10036 | Eli J. Kay-Oliphant |
| Tel: (212) 891-1628 | Adam J. Goldstein |
| sevarts@jenner.com | Tejinder Singh |
| rsrivasata@jenner.com | Ryan R. Sparacino |
| | SPARACINO PLLC |
| Gary M. Osen | 1920 L Street, Northwest, Suite 835 |
| Ari Ungar | Washington, DC 20036 |
| Michael J. Radine | eli.kay-oliphant@sparacinopllc.com |
| OSEN LLC | adam.goldstein@sparacinopllc.com |
| 190 Moore Street, Suite 272 | tejinder.singh@sparacinopllc.com |
| Hackensack, NJ 07601 | ryan.sparacino@sparacinopllc.com |
| Tel: (201) 265-6400 | |
| gosen@osenlaw.com | *Counsel for Smedinghoff Plaintiffs* |

August 4, 2025
Page 4

aungar@osenlaw.com
mradine@osenlaw.com

*Counsel for Bonacasa and Moore Plaintiffs*

*/s/ Andrew J. Finn*
Sharon L. Nelles
Andrew J. Finn
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, NY 10004
Tel: (212) 558-4000
nelless@sullcrom.com
finna@sullcrom.com

*Counsel for Defendant Standard Chartered Bank*

*/s/ David A. Gordon*
David A. Gordon
SIDLEY AUSTIN LLP
One South Dearborn
Chicago, IL 60603
Tel: (312) 853-7000
dgordon@sidley.com

*Counsel for Nonparty PwC*