# SULLIVAN & CROMWELL LLP

TELEPHONE: 1-212-558-4000
FACSIMILE: 1-212-558-3588
WWW.SULLCROM.COM

*125 Broad Street*
*New York, New York 10004-2498*

LOS ANGELES • PALO ALTO • WASHINGTON, D.C.
BRUSSELS • FRANKFURT • LONDON • PARIS
BEIJING • HONG KONG • TOKYO
MELBOURNE • SYDNEY

August 20, 2025

Via ECF

The Honorable Edgardo Ramos,
 U.S. District Court for the Southern District of New York,
  40 Foley Square,
   New York, New York 10007.

 Re: *Bonacasa* v. *Standard Chartered plc*, 22-CV-3320 (ER); *Moore* v. *Standard Chartered plc*, 23-CV-2834 (ER); *Smedinghoff* v. *Standard Chartered Bank*, 23-CV-2865 (ER) (the "*Bonacasa* Coordinated Cases")

Dear Judge Ramos:

 Pursuant to Section 3.ii of Your Honor's Individual Practices, Section 6 of the Electronic Case Filing Rules & Instructions, and Section 12 of the Protective Order (*see, e.g.*, *Smedinghoff*, ECF No. 18), Standard Chartered Bank ("SCB") and Citigroup Global Markets Inc. ("CGMI") respectfully seek the Court's permission to file under seal the attached Exhibits 5 and 8 to SCB's August 20, 2025 Response to Plaintiffs' Motion for Reconsideration of the Court's July 16, 2025 Order and Request to Re-Open Fact Discovery, which contain certain information designated as "Confidential" by CGMI. With this letter motion, SCB is filing: (1) an under-seal version of the Declaration of Andrew Finn attaching the sealed exhibits; and (2) a public version of Mr. Finn's declaration attaching sealed Exhibits 5 and 8 in redacted form.

 **SCB's Position**: SCB takes no position on the sealing of Exhibits 5 and 8. (*See* Protective Order ¶ 12.1 ("a Receiving Party may rely on the Designating Party's designation of any Discovery Material and need not independently verify, or take a position on, such Designating Party's designation").)

 **CGMI's position**: Non-party CGMI has designated the Declaration at issue (the "Declaration"), referred to in Exhibit 8, and portions of Exhibit 5 as confidential under the Protective Order entered in this case. Prevailing Second Circuit law—including *Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132 (2d Cir. 2016) and *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006)—supports the filing of this material under seal because it was properly designated confidential under the Protective Order and because documents produced in discovery "often play 'no role in the performance of Article III functions' and so the presumption of access to these records is low." *Bernstein*, 814 F.3d at 142 (quoting *United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995)); *see also Strauss* v. *Credit Lyonnais, S.A.*, Nos. 06-cv-702, 07-cv-6172011 (DLI/MCG), WL 4736359, at *3 (E.D.N.Y. Oct. 6, 2011) ("materials

obtained in discovery 'are not public components of a civil trial [and] were not open to the public at common law'") (quoting *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 33 (1984)). Furthermore, "[c]ourts in this District routinely permit parties to seal or redact commercially sensitive information to protect confidential business interests …." *IBM Corp. v. Micro Focus United States, Inc.*, No. 22-cv-9910 (VB)(VR), 2023 WL 8650839, *1 (S.D.N.Y. Dec. 14, 2023); *see also Nielson Consumer LLC v. Circana Grp., L.P.*, No. 22-CV-3235 (JPO)(KHP), 2024 WL 990073, *2 (S.D.N.Y. Mar. 6, 2024) (sealing is appropriate to protect "sensitive business information"); *Louis Vuitton Malletier S.A. v. Sunny Merch. Corp.*, 97 F. Supp. 3d 485, 511 (S.D.N.Y. 2015) (permitting redactions of confidential business information of a privately held business, which "implicates legitimate privacy interests").

This is especially true with respect to the documents of non-parties. *See, e.g., Chigirinskiy v. Panchenkova*, 319 F. Supp. 3d 718, 740 (S.D.N.Y. 2018) ("the privacy interests of innocent third parties ... should weigh heavily in a court's balancing equation in determining what portions of motion papers … should remain sealed or should be redacted.") (quoting *Matter of N.Y. Times Co.*, 828 F.2d 110, 116 (2d Cir. 1987)). Here, the Declaration and portions of Exhibit 5 contain non-party CGMI's confidential business information, including CGMI's customer relationships, confidential business analysis, and decision-making process regarding a potential project. Similar types of information, including the Declaration and information of non-party banks, have been sealed in this case, Dkts. 78, 106, 144, 153, 194, and the same relief should be granted here.

\*\*\*

For these reasons SCB and CGMI respectfully request that the Court permit SCB to file Exhibits 5 and 8 under seal.

Sincerely,

*/s/ Andrew J. Finn*
Andrew J. Finn

cc:   All Counsel (via ECF)

---

The motion to file Exhibits 5 and 8 of SCB's August 20, 2025 Response under seal is granted.

SO ORDERED.

Edgardo Ramos, U.S.D.J.
Dated: August 21, 2025
New York, New York